## THORNTON *v.* CARSON

*Absent....*TODD, *J.*

An award is not void because it is in

ERROR to the Circuit Court for the district of Columbia, sitting at Washington.

THORN-
TON
v.
CARSON.

the alterna-
tive, and con-
tingent, nor
because one
of the alter-
natives re-
quires the par-
ty to do an act
in conjunction
with others,
not parties to
the award, and
over whom he
has no control

Two actions of debt, commenced at law by Carson against Thornton, upon two bonds for the payment of money, were referred, by consent under a rule of Court to arbitrators, who awarded that the first action should "be marked and considered settled; and that the other "also should be marked and considered settled, provided, "that the Defendant, Thornton, in conjunction with the "trustees of the gold-mine company of North Carolina, "should convey and secure by a deed and assurance "legally executed, with proper and usual covenants, "unto John K. Carson, his heirs and assigns, for the "benefit of the said John, and the heirs of Thomas Car- "son, deceased, on or before the first day of January, "1811, one eleventh part of all the minerals and mines "that might thereafter be found upon a tract of land, "in the county of Montgomery, and state of North Car- "olina, which by deeds bearing date the 5th of Decem- "ber, 1805, was conveyed by the said John K. Carson, "to the said William Thornton, and by the said Wil- "liam Thornton, to the said trustees of the gold-mine "company; and that if such conveyance and assurance "should not be made on or before the said 1st of Janu- "ary, 1811," then in the first suit, judgment should be entered up by the Court for the Plaintiff, (Carson,) for the penalty of the bond, to be released on the pay- ment of a certain sum expressed on the award, and also in the second suit, judgment should be entered for the Plaintiff, for the penalty of the bond to be released on the payment of another sum also expressed in the award; and that upon receiving such conveyance and assurance, Carson should convey to Thornton five shares in the gold-mine company, of North Carolina, which Carson had subscribed for on the 1st of April, 1806.

Exceptions were taken to this award, 1st. because it is not final. 2d. because it is uncertain. 3d. because it is unreasonable. 4th. because it is contingent and conditional. 5th. because it is against law, and 6th. because it is no award.

But the Court below over-ruled the exceptions and rendered judgment for the amount of the money men- tioned in the award.

THORN-
TON
*v.*
CARSON.

The Defendant, Thornton, brought his writ of error, and his counsel insisted upon the following errors.

1. That the award was not final or certain, because its final determination depends on a contingency; and would be an award in favor of the Plaintiff in one event, and in favor of the Defendant in another. It was also uncertain, because there was no way of ascertaining whether the act to be done by the Plaintiff in error, and the other persons, was or was not done; nor whether the conveyances were made as directed; nor whether they were "proper and sufficient," nor how, nor by whom the entry was to be made in the suit; and the arbitrators could neither reserve this to be determined by themselves, nor leave it to be done by others.

It was also uncertain, because it is not stated *when* the entry ("*settled*") was to be made in the suit in the one event, nor the judgment for the Plaintiff in the other.

2. The award was bad because it required the Plaintiff in error to do what was manifestly out of his power, viz: to get other persons to join him in executing a deed, which, if not impossible, was at least unreasonable.

It was also unreasonable, because it required a deed to be made by the Plaintiff in error, who is stated to have no title nor interest in the thing to be conveyed; and because it only required that the deed should be made; not that it should be delivered; so that the same would not have been binding upon the Defendant in Error; and therefore the award being uncertain, unreasonable and inconclusive as to one party, was to be so considered as to both. And

3. That the award was repugnant and void, being at first in favor of the Plaintiff in error, and determining that the suit should be entered "*settled*," and afterwards awarding that a judgment should be entered for the Defendant in error, upon a certain contingency.

The case was submitted without argument, MORSELL,

for the Defendant in error, having cited *Kyd on awards,* 187, and 12, *Mod.* 586, *Lee v. Atkins.*

WASHINGTON, J. delivered the opinion of the Court as follows:

THORN-
TON
*v.*
CARSON.

This is a writ of error to a judgment of the Circuit Court for the district of Columbia.

Under a rule which was served upon the Plaintiff in error to show cause, during the term at which the rule was made, why judgment should not be entered on the award, he appeared and assigned for cause, that the said award was *uncertain,* not *final, unreasonable, conditional,* and *void.*

These objections are strictly technical, and referrable solely to defects supposed to appear on the face of the award, and do not aim to impeach it for any one of the causes which the law of Maryland, passed in *October,* 1778, *ch.* 21, declares to be sufficient for setting aside an award.

This Court, not meaning to decide whether any and what other objections than those stated in the statute of Maryland, may be alleged against entering judgment upon awards made under orders of reference, will proceed to consider those which were stated in this case.

It is contended that this award is not final or certain, because it depends on a contingency, and will be an award in favor of the Plaintiff in one event, and in favor of the Defendant in another. This Court does not so understand the effect of this award. It is clearly in favor of the Defendant in error, in either event contemplated by the referees. The Plaintiff is required, in conjunction with certain other persons, to convey to the Defendant, for the benefit of himself and the heirs of Thomas Carson, on or before a fixed day, certain property specified in the award, or to pay the amount of the two bonds in suit. If he made the conveyance, then the referees have awarded certain property to the Defendant; and if he failed to do this, judgment was to be entered against him, for the amount of those bonds. The Defendant had his election to do either; and upon

THORN-
TON
*v.*
CARSON.

satisfying the Court, at the time he was required to show cause why judgment should not be entered on the award, that he had made such a conveyance as the award prescribed, the Court ought to have ordered the suits to have been entered "*settled.*"

If the Plaintiff had made the conveyance, and the Defendant, who, upon that act being done, was required by the award to transfer five shares in the gold-mine company, of North Carolina to the Plaintiff, had failed to do so, the Court ought to have ordered the suits to be entered "*settled.*" But the Plaintiff, having failed to perform the act, upon which alone this transfer was to be made and the suits were to be entered "*settled,*" became liable to pay the sums awarded by the referees as the equivalent for the property to be conveyed, and consequently the Court was right in entering the judgment for the sums awarded.

There is no uncertainty in all this; or at least none which might not be rendered certain by the act of the Plaintiff in conformity with the award, and which must not necessarily be certain at the time the Court was to render judgment on the award.

The plain meaning of the award is that the Plaintiff was to pay the amount of the bonds in suit, unless, by a certain day, he made a conveyance to the Defendant, of the property described in the award, in which latter event he was to receive from the Defendant, a transfer of five shares in the gold-mine company, and to be discharged from the payment of the money, by an entry to that effect, to be made in the suits referred. But if he refused to make the conveyance, then judgment to be entered against him for the amount of the bonds in suit. If he entitled himself to this entry in his favor, by performing the other branch of the alternative, and the Defendaet failed to perform his part of the award, then the Defendant could receive no benefit from the award, and the suits were to be entered "*settled.*" Whether the conveyance from the Plaintiff, and the transfer by the Defendant, were made in due form, were questions proper for the consideration of the Court.

The award is said to be *uncertain,* because the names

of the trustees who are to join in the conveyance, and of the heirs of Thomas Carson, are not stated, nor does the award declare who is to prepare and tender the deed. These, too, were questions proper for the consideration of the Court below, but form no objections to the award. It does not appear from the record that the Defendant had refused or failed to do every thing which the law required him to perform to entitle him to the judgment of the Court, and we must therefore presume that no delinquency on his part was shown by the Plaintiff; that if it was necessary for him to prepare and tender the deed such as the law required, he did so to the satisfaction of the Court. If he failed to do that which would warrant the Court in entering judgment on the award, it was the duty of the Plaintiff to have shown this as cause against entering the judgment, and to have spread all the facts upon the record, which might enable this Court to decide whether the Court below acted correctly or not.

The award is said to be *unreasonable* because it requires the Plaintiff to get other persons to join in the conveyance to the Defendant which he may not be able to do. But surely if the Plaintiff was bound to pay the bonds in suit, or to convey a *good title* to certain property, which title would not be valid in the opinion of the referees, unless other persons joined in the conveyance, he cannot surely complain that he is ordered to pay the money, unless he executes such a deed as will pass a good title. It is his misfortune if he cannot make the title, but it is no reason why, in that event he should not pay the money.

There are other causes assigned why the award is unreasonable; but as the facts to prove it unreasonable do not appear in the record, they cannot be noticed by the Court, even if such objections would, in law, be sufficient to set aside the award.

*Judgment affirmed with costs.*