BRANCH et al. v. TEXAS LUMBER MANUF'G CO.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1893.)

No. 82.

1. APPEAL—JURISDICTION—STIPULATION—WAIVING JURY.
    On a writ of error in an action at law tried in the circuit court without a jury there is nothing which an appellate court can review when the record does not affirmatively show that a jury was waived by written stipulation, as required by Rev. St. § 649.

2. SAME—SPECIFICATIONS OF ERROR—ABANDONMENT.
    Where in the brief for plaintiff in error it is stated that the cause is presented to the court on the "specifications of error hereinafter set forth and discussed," and one of the specifications of error is not thereafter referred to, this may be taken as abandonment thereof.

In Error to the Circuit Court of the United States for the Eastern District of Texas.    Affirmed.

N. W. Finley and Ben. B. Cain, (W. J. Townsend and W. S. Herndon, of counsel,) for plaintiffs in error.

Ingraham, Ratcliff & Ingraham and E. J. Mantooth, (Whitaker & Bonner, of counsel,) for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge.    The defendant in error, the Texas Lumber Manufacturing Company, instituted in the circuit court for the eastern district of Texas its action of trespass to try title to certain land described in the petition against Wharton Branch and George J. Collins, plaintiffs in error, and a number of others.    J. B. Abington and others, also plaintiffs in error, intervened in this action, claiming the land against all the original parties.    On September 12, 1892, the circuit court rendered judgment in favor of the defendant in error against all of the interveners and against all of the defendants below except Wharton Branch and George J. Collins for all the land described in the petition, and against the said Wharton Branch and George J. Collins for all of the lands except an undivided interest of 75 acres in the tract of land described in the judgment, containing about 3,500 acres.    Motions for a new trial were made by the defendants collectively, and by the interveners collectively, the motions being identical except as to one ground urged by defendants.    These motions were refused.

At the request of the defendants and interveners the judge of the circuit court had prepared and signed and caused to be filed the proper statement showing his findings of fact and his conclusions of law in the case, in accordance with the Texas practice, and allowed the bills of exception tendered by the parties.    The defendants Wharton Branch and George J. Collins assigned errors and applied for a writ of error, which was allowed.    The interveners also assigned errors and applied for a writ of error, which was allowed.    Both of these writs were perfected by the respective parties giving bond and having citation served on the attorneys of record for the defendant in error, and

the record was filed in due time in this court. On December 14, 1892, N. W. Finley, Esq., entered his appearance in this court for plaintiffs in error, and on the same day a brief for plaintiffs in error, submitted by Ben. B. Cain, Esq., (W. J. Townsend's and W. S. Herndon's names appearing in the brief as of counsel,) was presented and filed. On December 21, 1892, the case was submitted on brief of plaintiffs in error, with leave to defendant in error to file a brief within 15 days. In the brief of plaintiffs in error no reference is made to the first specification in the assignment of errors filed in the circuit court by the plaintiffs in error Wharton Branch and George J. Collins. It is expressly stated in the brief of plaintiffs in error that "said cause is now presented to this court for consideration on the specifications of error hereinafter set forth and discussed;" which specifications of error thereinafter set forth and discussed are the second, third, and fourth specifications of error in the respective assignments of error, which specifications are substantially identical in each of said assignments, and relate to no question raised on the pleadings or record in the case, but all refer to rulings of the court on the trial, excepted to at the time, and presented by a bill of exceptions. This may well be taken as a clear abandonment of the first specification of error assigned by Wharton Branch and George J. Collins, relating to the action of the court in sustaining an exception to so much of their answer as set up that Lewis and Henry Rueg were aliens to the government of Mexico in 1835, and could not then acquire title to said property; especially as the specifications urged all relate to the action of the court in reference to the transmission by descent, and conveyance by his heirs, of Henry Rueg's title.

There is in the record no verdict of a jury. It is manifest that the case was tried without a jury. There is nothing in the record from which it affirmatively appears or can reasonably be assumed that the parties or their attorneys of record filed with the clerk a stipulation in writing waiving a jury. Rev. St. U. S. § 649. It is well settled that in actions at law in the circuit courts of the United States, when a trial is had without a jury, if a written stipulation waiving a jury is not in some way affirmatively shown in the record, none of the questions decided at the trial can be re-examined on writ of error. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. Rep. 296; County of Madison v. Warren, 106 U. S. 622, 2 Sup. Ct. Rep. 86; Campbell v. Boyreau, 21 How. 223, and other cases cited in Bond v. Dustin. For the foregoing reasons, and without passing on any of the questions presented by the assignments of error, the judgment is affirmed.