## HAM et al. v. EDGELL.

(Circuit Court of Appeals, Fifth Circuit. February 26, 1901.)

No. 1,013.

APPEAL—WRIT OF ERROR—STIPULATION—WAIVING JURY.

On a writ of error in an action at law tried in the circuit court without a jury, none of the questions decided at the trial can be re-examined, where the record does not affirmatively show that a jury was waived by written stipulation, as provided by Rev. St. § 649.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

This case was before this court at a former term, and a full statement, as well as of the questions then passed upon, will be found in 35 C. C. A. 584, 93 Fed. 759. On remand to the circuit court, there were a substituted declaration, an additional plea of set-off, and the following proceedings had:

"Came the parties by their attorneys, and the jury being waived, and all parties, both plaintiff and defendants, consenting thereto, this cause came on to be heard by the court, sitting as both judge and jury, and the court, after hearing all the testimony on both sides, and duly considering the same, being of the opinion that the case is with the plaintiff on both the law and the facts, finds for the plaintiff. It is therefore considered by the court that the plaintiff do have and recover of the defendants the possession of the lands sued for, being known and described as follows, to wit: Lots two, three, four, five, six, and seven of section 24, all of section twenty-six, all of fractional section thirty-four, lots one, two, three, four, five, six, seven, eight, nine, ten, eleven, and twelve of section thirty-five, and all of section thirty-six, all in township twenty-eight, range six west; and lots three, four, five, six, seven, eight, and nine of section thirty, and all except the east half of the northeast quarter of section thirty-one, all in township twenty-eight, range five west; and lots one, two, three, four, five, six, seven, eight, nine,

ten, and eleven of section three, including all accretions by the river, all
in township twenty-seven, range six west,—containing in all thirty-six hun-
dred acres, more or less, and all being and situated in the county of Coahoma,
state of Mississippi, in the Western division of the Northern district of the
state of Mississippi; together with the costs of this suit, for which let ex-
ecution issue. The court further finds that the said defendants J. C. Neeley,
H. M. Neeley, S. H. Brooks, and W. H. Carroll, as trustee for the Union
& Planters' Bank, are liable to the plaintiff for the mesne profits from the
land, to wit, rents for the years 1895, 1896, 1897, 1898, and 1899, at the
rate of fifteen hundred dollars per annum, with six per cent. interest on
each year's rent from the dates when said annual rents should have been
paid, to wit, January 1st of each year from January 1, 1896, to January 1,
1900, to this date, less the taxes paid by the defendants on said lands dur-
ing the said period, said taxes being as follows, to wit:

| | |
|---|---:|
| For the year 1895 | $420 46 |
| For the year 1896 | 458 51 |
| For the year 1897 | 573 28 |
| For the year 1898 | 531 12 |
| For the year 1899 | 531 12 |
| Amounting to a total of | $2,514 49 |

"And the balance due the said plaintiff, after deducting the said taxes from
the said mesne profits and rents, including interest as aforesaid on both taxes
and mesne profits and rents, is the sum of five thousand and seven hundred
and thirty-three dollars and fifty-six cents ($5,733.56), for which said sum
a judgment is hereby rendered against the said defendants J. C. Neeley, H.
M. Neeley, S. H. Brooks, and W. H. Carroll, as trustee for the Union &
Planters' Bank, for which let execution issue. The above calculated does not
embrace the rent for the year 1900, but it is agreed by counsel on both sides
that the defendants have crops planted and now growing on said lands, and
that the additional sum of fifteen hundred dollars is a reasonable rent for the
plaintiff to receive for the use of said premises from this date until January
1, 1901, which time, it is agreed, is necessary for defendants to make and
gather said crop. The plaintiff by his attorney excepted to the action of the
court in allowing the taxes paid by the defendants as a credit on, or set-off
against, the mesne profits for which the defendants are liable to the plain-
tiff, upon the ground that the defendants are not bona fide purchasers or
claimants of said lands: which exceptions the court overruled, and the plain-
tiff excepted at the time."

The record further shows a motion for a new trial, order overruling the
same, a bill of exceptions, in which there are numerous rulings on the admis
sion of evidence, a writ of error, bond for supersedeas, and an assignment of
errors.

K. D. McKellar, for plaintiffs in error.

J. H. Watson and T. M. Miller, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN,
District Judge.

PER CURIAM. Some questions are presented as to the suffi-
ciency and regularity of the writ of error in this case, and as to the
sufficiency of the bond given, but it is not necessary to pass upon
them, because we are constrained to hold as heretofore in Branch
v. Manufacturing Co., 4 C. C. A. 54, 53 Fed. 849.

There is in the record no verdict of a jury. It is manifest that
the case was tried without a jury. There is nothing in the record
from which it affirmatively appears, or can reasonably be assumed,

that the parties or their attorneys of record filed with the clerk a stipulation in writing waiving a jury. Rev. St. § 649. It is well settled that in actions at law in the circuit courts of the United States, when a trial is had without a jury, if a written stipulation waiving a jury is not in some way affirmatively shown in the record, none of the questions decided at the trial can be re-examined on writ of error. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; County of Madison v. Warren, 106 U. S. 622, 2 Sup. Ct. 86, 27 L. Ed. 311; Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96, and other cases cited in Bond v. Dustin. For the foregoing reasons, and without passing on any of the questions presented by the assignments of error, the judgment is affirmed.