ERKEL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1909.)

No. 1,666.

1. APPEAL AND ERROR (§ 842*)—REVIEW—PROCEEDINGS AT THE TRIAL.

No question of law can be reviewed on a writ of error except those arising on the process, pleadings, or judgment, unless the facts are found by a jury, by a general or special verdict, or are admitted by the parties on a case stated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3316–3330; Dec. Dig. § 842.*]

2. APPEAL AND ERROR (§ 1008*)—REVIEW—TRIAL BY COURT—WAIVER OF JURY.

Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), provide that issues of fact in civil cases in a Circuit Court may be determined and tried by the court without a jury whenever the parties file a written stipulation waiving a jury, when the findings of the court on the facts shall have the same effect as a verdict, and the rulings, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed on a writ of error when the finding is special, and such a review may extend to a determination of the sufficiency of the facts found to support the judgment. *Held*, that where a case is tried to the court without a jury, and there is no written stipulation waiving the jury, none of the questions decided at the trial can be re-examined on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3969; Dec. Dig. §§ 1008.*]

3. COURTS (§ 352*)—FEDERAL COURTS—PRACTICE—STATE STATUTES—"WRITTEN WAIVER OF JURY."

Code Civ. Prac. Cal. § 631, permitting the waiver of a jury trial in actions at law by oral consent in open court entered in the minutes, does not apply to federal courts sitting in California in the trial of actions at law as a substitute for a written waiver of a jury within Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), providing that, in case of a written waiver of a jury in an action at law, rulings of the court duly excepted to and presented by bill of exceptions, if the finding is special, may be reviewed on a writ of error.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 352.*

Following state practice, see note to Nederland Life Ins. Co. v. Hall, 27 C. C. A. 394.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Sidney Dell, for plaintiff in error.

Oscar Lawler, U. S. Dist. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This case comes here upon writ of error to review a judgment rendered in an action of ejectment brought by the plaintiff in error against the defendant in error after a trial without a jury in the court below; there having been no written stipulation waiving a jury trial. The assignments of error raise the question of the sufficiency of the evidence to sustain the findings on which the judgment was based.

It is well settled that no question of law can be reviewed on error, except those arising upon the process, pleadings, or judgment, "unless the facts are found by a jury by a general or special verdict, or are admitted by the parties upon a case stated." Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96. In that case it was held that the finding of issues of fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act. The court said:

"And this court therefore cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law, as if those facts had been conclusively determined by a jury or settled by the admission of the parties."

The court further held that no exceptions are to be taken pending a trial, "unless a jury was actually impaneled and the exception reserved while they were still at the bar." That decision was had prior to the enactment of the statute which is carried into the Revised Statutes as sections 649 and 700 (U. S. Comp. St. 1901, pp. 525, 570). Those sections provide that issues of fact in civil cases in any Circuit Court may be tried and determined by the court without the intervention of a jury whenever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury, that the finding of the court on the facts shall have the same effect as the verdict of a jury, and that, where a case is so tried, the rulings of the court in the progress of the trial, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed on writ of error, and, when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment. Under that statute it has been uniformly held that if a case is tried before the court without a jury, and there is no written stipulation waiving a jury, none of the questions decided at the trial can be re-examined in an appellate court on writs of error. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; County of Madison v. Warren, 106 U. S. 622, 2 Sup. Ct. 86, 27 L. Ed. 311; Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Branch et al. v. Texas Lumber Co., 4 C. C. A. 52, 53 Fed. 849; Merrill v. Floyd, 3 C. C. A. 494, 53 Fed. 173; Rush v. Newman, 7 C. C. A. 136, 58 Fed. 158; Ham v. Edgell, 45 C. C. A. 661, 106 Fed. 820; City of Defiance v. Schmidt, 59 C. C. A. 159, 123 Fed. 1.

Counsel for the plaintiff in error contends that by virtue of the provisions of the Civil Practice Code of California (Code Civ. Prac. § 631), permitting the waiver of jury trial in actions at law by oral consent in open court, entered in the minutes, an exception is created as to cases tried in a Circuit Court of the United States for a district of California such as was recognized by the Supreme Court in Campbell v. Boyreau as to trials in a Circuit Court for the district of Louisiana; but the contention involves a misconception of the decision in that case. Chief Justice Taney, in delivering the opinion, held that courts of the United States, so far as questions of law are concerned, are regulated in their modes of proceeding according to the rules and principles of the common law, with the single exception of the courts of the state of Louisiana, where, under the civil law, the facts, by consent of parties, may be tried and found by the court without the intervention of a jury. The court said:

"But the practice in relation to the decisions in that state is an exception to the general rules and principles which regulate the proceedings of the courts of the United States; nor can the laws or the practice of any other state authorize a proceeding in the courts of the United States different from that which was established by the acts of 1789 and 1803, and the subsequent laws carrying out the same principles and modes of proceeding."

It follows that the judgment must be affirmed.