## FLANDERS v. TWEED.

1. The court expresses itself as disposed to hold parties who, under the act of March 3d, 1865, waive a trial by jury and substitute the court for the jury, to a reasonably strict conformity to the regulations of the act, if they desire to save to themselves all the rights and privileges which belong to them in trials by jury at the common law.

---

* Steamship Company v. Rumball, 21 Howard, 384.
† Bentley v. Coyne, 4 Wallace, 512.

2. Accordingly, in a case where there was no stipulation filed for the waiver of a jury, and where the judge had filed his "statement of facts" three months after the date of the judgment rendered—which statement, so irregularly filed, the court regarded as a nullity—and no question of law was to be considered as properly raised on the pleading, the court stated that, according to the general course of proceeding in former like cases, the judgment below should be affirmed.

3. However, in this case—one from Louisiana—it being apparent that both parties supposed that a case had been made up according to the practice of that State, but one not having been made up by the court nor properly filed according to the requirements of the statute, so that, from that cause, the case, which it was meant by both court and parties to get here, could not be properly passed upon, the judgment, under the circumstances (the case being an important one), was not affirmed, but was reversed for mistrial, and remanded for a new trial.

ERROR to the Circuit Court for the District of Louisiana; the case being this:

The 4th section of an act of Congress of March 3d, 1865,* thus enacts:

"Issues of fact in civil cases in any Circuit Court of the United States may be tried and determined by the court without the intervention of a jury, whenever the parties or attorneys of record file a stipulation in writing with the clerk of the court waiving a jury. The finding of the court upon the facts, which finding may be either general or special, shall have the same effect as the verdict of the jury. The rulings of the court in the cause, in the progress of the trial, when excepted to, at the time, may be reviewed by the Supreme Court of the United States, upon a writ of error, or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the determination of the sufficiency of the facts found to support the judgment."

This statute being in force, Tweed brought suit, in the court below, against Flanders, to recover damages, some $40,000, for the seizure and detention of a quantity of cotton, in New Orleans. He had previously procured the possession of it by a writ of sequestration, according to the practice of the courts in that State. The petition charged that the de-

---

* 13 Stat. at Large, 501.

fendant was a deputy general agent of the Treasury Department of the United States. The defendant pleaded admitting that he was a deputy general agent, as described in the petition, and denied all the other allegations of it. A large amount of evidence was taken in the case on both sides; the plaintiff insisting that he bought the cotton at private sale from the individual owners, and the defendant that it was, at the time, under seizure, and in his possession, as special agent of the Treasury Department, holding it for the use of the government. This evidence and the proceedings of the court occupied about a hundred pages of the record. The court gave judgment against the defendant for $36,976.33. The judgment was rendered 26th February, 1868. A statement of facts by the judge was found in the record, filed May 29th, 1868, nearly three months after the date when the judgment was rendered. This finding of the facts began by stating that "the cause came on to be tried on the pleadings, by consent of the parties, by the judge presiding; and after hearing the evidence therein, and the argument of counsel, the court finds the following facts." This statement of the facts by the judge was the only evidence relied on of the consent of the parties to waive a jury, except what might be presumed from the circumstance that both parties proceeded with the trial before the judge without objection in the court below.

The case being brought by Flanders, the defendant below, on error to this court,

*Mr. Hoar, Attorney-General, and Mr. W. A. Field, Assistant Attorney-General,* going into the record as if the case were in form properly before this court, argued in his behalf that the judgment of the court below should be reversed for want of jurisdiction of the cause in the Circuit Court, with directions that the suit be dismissed. But that if it should be deemed that there was no defect of jurisdiction, then that sufficient ground was presented in the erroneous rulings of the court (which as they conceived they had sufficiently shown) for reversing the judgment, and directing a new trial.

*Messrs. Ashton and T. D. Lincoln* (*a brief of Messrs. Billings and Hughes being filed*), *contra*, argued, that the statement of facts made three months after the proper time, and in a way plainly irregular, was a nullity, and could not be considered here;[*] that the " statement" being thus disposed of, and there being no demurrer or other pleading on the part of the plaintiff in the record, nor any bill of exceptions, no question of law upon the pleadings, or upon the evidence on either side, was raised by the decision of the court below, and that none could be considered here. The whole subject had been fully settled at this term, in *Norris* v. *Jackson*.[†] The legal presumption in favor of the correctness of the judgment below would therefore prevail, and judgment would have to be affirmed if the petition of the plaintiff brought the case within the jurisdiction of the Circuit Court; a matter which the counsel then proceeded to argue that it did.

Mr. Justice NELSON delivered the opinion of the court.

The statement of facts by the judge is filed upon the 29th May, 1868, nearly three months after the rendition of the judgment. This is an irregularity for which this court is bound to disregard it, and to treat it as no part of the record. The statement made out of court is, of course, no evidence before us of the facts stated, and this is the only evidence relied on, of the consent of the parties to waive a jury, except what may be presumed from the circumstance that both parties proceeded with the trial before the judge without objection in the court below. The objection is now taken here by the plaintiff in error.

It is impossible to misunderstand the condition upon which, according to the act of March 3d, 1865, the parties are authorized to waive a trial by jury, and substitute the court, and, at the same time, save to themselves all the rights and privileges which belong to them in trials by jury at common law. That condition is the filing with the clerk a written stipulation, signed by the parties, or their attorneys.

---

[*] Generes *v.* Bonnemer 7 Wallace, 564.      [†] *Supra*, 125.

The necessity of this law, for the purpose designed, will appear by a reference to a few of the decisions of this court. One of the latest is the case of *Campbell et al.* v. *Boyreau.** It came up on error from the Circuit Court of the United States for the Northern District of California, and was an action of ejectment before the court, the jury having been waived by the express agreement of the parties. The opinion was delivered by the Chief Justice. He observed: "It appears by the transcript that several exceptions to the opinion of the court were taken at the trial by the plaintiffs in error,—some to the admissibility of evidence, and others to the construction and legal effect which the court gave to certain instruments in writing. But, it is unnecessary to state them particularly, for it has been repeatedly decided by this court that, in the mode of proceeding which the parties have seen proper to adopt, none of the questions, whether of fact or of law, decided by the court below, can be re-examined and revised in this court upon a writ of error." He also observed: "The point was directly decided in *Guild and others* v. *Frontin,*† which, like the present, was a case from California, where a court of the United States had adopted the same mode of proceeding with that followed in the present instance; and the decision was, again, reaffirmed in the case of *Suydam* v. *Williamson and others,*‡ and also in the case of *Kelsey and others* v. *Forsyth,* decided at the present term."§ He then states the grounds of these decisions, namely, "that by the established and familiar rules and principles which govern common law proceedings, no question of law can be reviewed and re-examined in an appellate court upon a writ of error (except only where it arises upon the process, pleadings, or judgment, in the case), unless the facts are found by a jury, by a general or special verdict, or are admitted by the parties upon a case stated in the nature of a special verdict, stating the facts, and referring the questions of law to the court."

The opinion contains a very full exposition of the princi-

---

* 21 Howard, 223.     † 18 Id. 135.     ‡ 20 Id. 432.     § 21 Id. 85.

ples and proceedings in the common law cases, and the departure from them in trial of issues of fact before the court. This case, and those referred to by the learned Chief Justice, establish beyond question that the act of Congress was essential in order to preserve to the parties submitting a cause to a trial before a court, both as to law and fact, the benefit of a review or re-examination of questions of law in the appellate court. The act, while it provides specially the mode of submission, takes care to secure to the parties the right of review as it respects all questions of law arising out of the facts found by the court, giving to this finding the effect as if found by a jury, preserving, at the same time, the right of exceptions to the rulings of the court in the progress of the trial; and, when the finding is special, a right to the appellate court to determine the sufficiency of the facts found to support the judgment.

This act of Congress is the first one that has authorized the parties to dispense with a jury, and try the issue of fact before the court, in respect to all the Federal courts in the Union, except two special acts, one in respect to the State of Louisiana, in 1824, and California and Oregon, in 1864.* And it is quite important to settle the practice under it at an early day, and with a precision and distinctness that cannot be misunderstood. The act passed May 26th, 1824, relating to the courts in Louisiana, directed that the mode of proceeding in civil causes, in the Federal courts in Louisiana, should be the same as the practice and modes of proceeding in the District Courts of that State, subject to certain modifications mentioned in the act. The practice in these courts of the State was according to civil law proceedings, and the trial of issues of fact could take place before the court by consent of the parties. This act, unfortunately, not prescribing the mode of procedure when a jury was waived, and the trial before the court, as in the act of 1865, leaving the court to grope its way as best it could under the practice in civil law proceedings, the case to come up ultimately for

---

* 18 Stat. at Large, 4.

re-examination before a common law appellate tribunal, has led to the most painful and oftentimes protracted litigation at nearly every term since its passage, and that, too, not upon questions involving the merits, but questions of mere practice. As observed by Mr. Justice Grier in *Graham* v. *Bayne*,\* "The very numerous cases on this subject, from *Field* v. *United States*† to *Arthurs* v. *Hart*,‡ show the difficulties we have had to encounter in reconciling our modes of review to the civil code of practice as used in the courts of Louisiana;" and these cases have not diminished since the delivery of the opinion in that case.

The history of the proceedings in the Federal courts in Louisiana under the act of 1824 admonishes us, if we may expect to avoid the like difficulties and disorders under the act of 1865, to require, in all cases, where the parties see fit to avail themselves of the privileges of the act, a reasonably strict conformity to its regulations. We have already held§ that this act of 1865 applies to the Federal courts in the State of Louisiana.

A copy of the stipulation of the parties, or attorneys, filed with the clerk, waiving the jury, should come up with the transcript in the return to the writ of error, so that the court could see that the act had been complied with. There having been no stipulation, nor any finding of the facts, in this case, and no question upon the pleadings, it would follow, according to the general course of proceeding in like cases, heretofore in this court, that the judgment below should be affirmed. There are, however, cases which, under very special circumstances, the court have made an exception, and have simply dismissed the writ of error, as in the case of *Burr* v. *The Des Moines Company*,‖ or have reversed the judgment below for a mistrial, and remand it for a new trial, as in the case of *Graham* v. *Bayne*.¶ See also *Guild* v. *Frontin*.\*\* In the present case it is apparent the parties below supposed that they had made up a case, according to the

---

\* 18 Howard, 61.          † 9 Peters, 182.          ‡ 17 Howard, 6.

§ Insurance Company v. Tweed, 7 Wallace, 44.

‖ 1 Id. 99.          ¶ 18 Howard, 60.          \*\* Ib. 135.

practice in Louisiana, from the finding of the facts by the court, that would entitle them to a re-examination of it here; but as the court did not make it up, and file it, as of the date of the trial and judgment, it cannot be regarded as a part of the record; and, under the circumstances, the case being an important one, and intended to be carried up here for re-examination, we shall REVERSE the judgment for a mistrial, and REMAND it to the court below

FOR A NEW TRIAL.

[See *supra*, 125, *Norris* v. *Jackson.*]