## BOND & Another *v.* DUSTIN.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

Argued December 3, 1884.—Decided December 22, 1884.

In an action at law, submitted to the decision of the Circuit Court by the parties waiving a trial by jury, in which the record does not show the filing of the stipulation in writing required by section 649 of the Revised Statutes, this court, upon bill of exceptions and writ of error, cannot review rulings upon the admission or rejection of testimony, or upon any other question of law growing out of the evidence ; but may determine whether the declaration is sufficient to support the judgment.

The filing of a stipulation in writing, waiving a jury, under section 649 of the Revised Statutes, is not sufficiently shown by a statement in the record, or in the bill of exceptions, that "the issue joined by consent is tried by the court, a jury being waived," or that "the case came on for trial, by agreement of parties, by the court, without the intervention of a jury."

A motion in arrest of judgment can only be maintained for a defect apparent upon the record, and the evidence is no part of the record for this purpose.

A statute of a State, providing that a verdict returned on several counts shall not be set aside or reversed if one count is sufficient, governs proceedings in cases tried in the Federal courts within that State, and is applicable to judgments lawfully rendered without a verdict.

This was a writ of error to reverse a judgment of the Circuit Court of the United States for the Southern District of Illinois for the defendant in error in an action of assumpsit brought by him against the plaintiffs in error, and tried by that court without a jury.

The declaration contained two special counts on bills of exchange, the one for $2,500 and the other for $4,000, drawn upon the defendants by one Falconer, their agent, at their instance and for their benefit, and indorsed by the payees to the plaintiff ; as well as common counts in the sum of $10,000 for money lent, money paid, money had and received, interest for the use of money due, and upon an account stated. The defendant pleaded *non assumpsit*, and denied the signatures of the instruments set forth in the first two counts.

The record stated that the parties came by their attorneys "and the issue joined by consent is tried by the court, a jury

being waived;" and that the court, having heard the evidence and arguments, " finds the issue for the plaintiff, and assesses his damages at the sum of $7,173.42 ; whereupon the defendants enter their motion for a new trial and in arrest of judgment, which, being heard by the court, is overruled," and judgment rendered for the plaintiff for that sum and costs.

The court allowed a bill of exceptions, which began with the recital, "the above cause coming on for trial, by agreement of parties, by the court, without the intervention of a jury ;" and which stated all the evidence introduced by either party; the objections taken by the defendants to the admission of some of the evidence introduced by the plaintiff ; the finding and judgment of the court; a motion of the defendants for a new trial, because the court heard incompetent testimony against the defendants' objection, and because the judgment was against the law and the evidence; the overruling of that motion; the subsequent making and overruling of a motion in arrest of judgment ; and that the defendants excepted to the admission of the evidence objected to, and to the overruling of the two motions.

The errors assigned and argued were to the admission of evidence at the trial; to the overruling of the motion in arrest of judgment; and to " giving judgment against the plaintiffs in error upon the contracts alleged and proved, because upon the pleadings and evidence it did not appear that the court had jurisdiction to hear and determine an action brought by the defendant in error on said contracts, or any of the same."

*Mr. Nicholas P. Bond* for plaintiffs in error.

*Mr. H. S. Greene* for defendant in error submitted on his brief.

Mr. Justice Gray delivered the opinion of the court. He recited the facts as above stated, and continued :

The first question to be determined is how far this court, upon this record, has authority to consider the alleged errors.

By the act of March 3, 1865, ch. 86, § 4, re-enacted in the Revised Statutes, it is provided that issues of fact in civil

cases may be tried and determined by the Circuit Court without the intervention of a jury, whenever the parties, or their attorneys of record, file a stipulation in writing with the clerk of the court waiving a jury; that the finding of the court upon the facts shall have the same effect as the verdict of a jury; and that its rulings in the progress of the trial, when excepted to at the time and presented by bill of exceptions, may be reviewed by this court upon error or appeal. 13 Stat. 501; Rev. Stat. §§ 649, 700.

Before the passage of this statute, it had been settled by repeated decisions that in any action at law in which the parties waived a trial by jury and submitted the facts to the determination of the Circuit Court upon the evidence, its judgment was valid; but that this court had no authority to revise its opinion upon the admission or rejection of testimony, or upon any other question of law growing out of the evidence, and therefore, when no other error appeared on the record, must affirm the judgment. *Guild* v. *Frontin*, 18 How. 135; *Kelsey* v. *Forsyth*, 21 How. 85; *Campbell* v. *Boyreau*, 21 How. 223. The reason for this, as stated by Chief Justice Taney in *Campbell* v. *Boyreau*, was that " by the established and familiar rules and principles which govern common-law proceedings, no question of law can be reviewed and re-examined in an appellate court upon writ of error (except only where it arises upon the process, pleadings, or judgment, in the cause), unless the facts are found by a jury, by a general or special verdict, or are admitted by the parties upon a case stated in the nature of a special verdict, stating the facts and referring the questions of law to the court." 21 How. 226. Even in actions duly referred by rule of court to an arbitrator, only rulings and decisions in matter of law after the return of the award were reviewable. *Thornton* v. *Carson*, 7 Cranch, 596, 601; *Alexandria Canal* v. *Swann*, 5 How. 83; *York & Cumberland Railroad* v. *Myers*, 18 How. 246; *Heckers* v. *Fowler*, 2 Wall. 123.

Since the passage of this statute, it is equally well settled by a series of decisions that this court cannot consider the correctness of rulings at the trial of an action by the Circuit Court without a jury, unless the record shows such a waiver of a jury

as the statute requires, by stipulation in writing, signed by the parties or their attorneys, and filed with the clerk. *Flanders* v. *Tweed,* 9 Wall. 425; *Kearney* v. *Case,* 12 Wall. 275; *Gilman* v. *Illinois & Mississippi Telegraph Co.,* 91 U. S. 603, 614; *Madison County* v. *Warren,* 106 U. S. 622; *Alexander County* v. *Kimball,* 106 U. S. 623, note. In *Flanders* v. *Tweed,* Mr. Justice Nelson quoted the passage just cited from the opinion of Chief Justice Taney in *Campbell* v. *Boyreau,* and said that when a trial by jury had been waived, but there was no stipulation in writing, no finding of the facts, and no question upon the pleadings, the judgment must, according to the course of proceeding in previous cases, be affirmed, unless under very special circumstances this court otherwise ordered. 9 Wall. 429, 431.

The most appropriate evidence of a compliance with the statute is a copy of the stipulation in writing filed with the clerk. But the existence of the condition upon which a review is allowed is sufficiently shown by a statement, in the finding of facts by the court, or in the bill of exceptions, or in the record of the judgment entry, that such a stipulation was made in writing. *Kearney* v. *Case,* 12 Wall. 283, 284; *Dickinson* v. *Planters' Bank,* 16 Wall. 250. So it has been held that a written consent of the parties, after a trial by jury has begun, to withdraw a juror and refer the case to a referee, in accordance with a statute of the State, authorizing this course, is a sufficient stipulation in writing waiving a jury; and that when the court has authority to refer a case upon consent in writing only, an order expressed to be made "by consent of parties," that the case be referred, necessarily implies that such consent was in writing. *Boogher* v *Insurance Co.,* 103 U. S. 90. See also *United States* v. *Harris,* 106 U. S. 629, 634, 635. And since the statute, as before, a judgment upon an agreed statement of facts or case stated, signed by the parties or their counsel, and entered of record, leaving no question of fact to be tried, and presenting nothing but a question of law, may be reviewed on error. *Supervisors* v. *Kennicott,* 103 U. S. 554; *United States* v. *Eliason,* 16 Pet. 291; *Burr* v. *Des Moines Co.,* 1 Wall. 99; *Campbell* v. *Boyreau,* above cited.

The record before us contains nothing to show that there was any stipulation in writing waiving a jury. The Circuit Court had authority to try and determine the case, whether the waiver was written or oral. In the finding of facts and in the judgment there is no statement upon the subject. The only evidence of a waiver of a jury is in the statement in the record that when the case came on for trial "the issue joined by consent is tried by the court, a jury being waived;" and in the recital at the beginning of the bill of exceptions, "the above cause coming on for trial, by agreement of parties, by the court, without the intervention of a jury." The case cannot be distinguished, in any particular favorable to the plaintiffs in error, from those of *Madison County* v. *Warren* and *Alexander County* v. *Kimball*, above cited, the latest adjudications upon the subject, both of which came up from the same court as the present case. In one of those cases, the statement in the record was "the parties having stipulated to submit the case for trial by the court without the intervention of a jury;" and, in the bill of exceptions, "said cause being tried by the court without a jury, by agreement of parties." In the other case, the statement in the record was in the very same words as in the case at bar; and in the bill of exceptions was in these words : "upon the trial of this cause before the Hon. S. H. Treat, sitting as Circuit Judge, a jury being waived by both parties."

The necessary conclusion is that this court has no authority to consider the exceptions to the admission of evidence at the trial.

The attempt to sustain the motion in arrest of judgment, by an argument that the evidence was insufficient to warrant a recovery in this action, fails for the same reason, as well as because a motion in arrest of judgment can only be maintained for a defect apparent upon the face of the record, and the evidence is no part of the record for this purpose. *Carter* v. *Bennett*, 15 How. 354.

The plaintiffs in error further contend that neither of the special counts sets forth any cause of action, and that the finding and judgment, being general, and not limited to the common counts, should therefore be set aside. This objection, so

far as it touches the sufficiency of the declaration to support the judgment, is fairly presented for the determination of this court, within the rule laid down by Chief Justice Taney in *Campbell* v. *Boyreau*, and by Mr. Justice Nelson in *Flanders* v. *Tweed*, as already stated.

But, by the law applicable to this case, the objection cannot be sustained. By the common law, indeed, a general verdict and judgment upon several counts in a civil action must be reversed on writ of error if only one of the counts was bad. But Lord Mansfield "exceedingly lamented that ever so inconvenient and ill founded a rule should have been established," and added, "what makes this rule appear more absurd. is that it does not hold in the case of criminal prosecutions." *Grant* v. *Astle*, 2 Doug. 722, 730; *Snyder* v. *United States*, *ante*, 216. In Illinois it has been changed by statute, providing that "whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed on the ground of any defective count, if one or more of the counts in the declaration shall be sufficient to sustain the verdict. Illinois Rev. Stat. 1874, ch. 110, § 58. That statute governs proceedings in cases tried in the Federal courts within that State. Rev. Stat. § 914; *Townsend* v. *Jemison*, 7 How. 706, 722; *Sawin* v. *Kenny*, 93 U. S. 289. And the rule thereby established must be applied to judgments lawfully rendered without a verdict. As the common counts in this declaration are indisputably good, the sufficiency of the special counts need not be considered.

*Judgment affirmed.*