LADD & TILTON BANK v. LEWIS A. HICKS CO.

(Circuit Court of Appeals, Ninth Circuit. October 19, 1914.)

No. 2324.

1. COURTS (§ 356*)—FEDERAL COURTS—ACTIONS TRIED TO COURT—WAIVER OF JURY.

Rev. St. § 649 (U. S. Comp. St. 1913, § 1587), provides that issues of fact in civil actions may be tried by the court with the written consent of the parties to waive a jury, and that the court's finding on the facts, which may be general or special, shall have the effect of a verdict. Section 700 (section 1668) declares that, when an issue of fact in a civil case is tried by the court without a jury, the court's rulings in the progress of the trial, if excepted to and presented by bill of exceptions, may be reviewed, and, when the finding is special, the rule may extend to the determination of the sufficiency of the facts found to support the judgment. *Held*, that such provisions, so far as the right to review is concerned, are jurisdictional, and that where a case has been tried to the court without a written stipulation waiving a jury, and the facts are not admitted in a case stated, no question is open to review on a writ of error, except such as arise on the process, pleadings, or judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

2. JUDGMENT (§ 18*)—PLEADINGS—GENERAL DENIAL.

Where, in addition to a special defense pleaded, the answer contained denials of material facts requisite to plaintiff's recovery, the general issue so pleaded was sufficient to sustain a judgment for defendant, regardless of whether the special matter pleaded constituted a good defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 34–37; Dec. Dig. § 18.*]

3. COURTS (§ 356*)—FEDERAL COURTS—REVIEW—DISPOSITION OF CAUSE.

Where, on a trial in a federal court, the jury was orally waived without a stipulation in writing required by Rev. St. § 649 (U. S. Comp. St. 1913, § 1587), and for this reason only questions arising on the process, pleadings, or judgment could be reviewed on a writ of error, as provided by section 700 (section 1668), a judgment based on a general finding, having been rendered for defendant, could not be reversed and the cause remanded for a new trial because the admitted waiver of a jury was apparently in good faith; there being no special circumstances involved to justify such disposition.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Action by the Ladd & Tilton Bank against the Lewis A. Hicks Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Wood, Montague & Hunt, of Portland, Or., for plaintiff in error.

Chamberlain, Thomas & Kraemer and Lester W. Humphreys, all of Portland, Or., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

VAN FLEET, District Judge. The writ of error in this case brings up for review a judgment in an action at law tried to the court

without a jury; the judgment being based upon a general finding upon the evidence in favor of the defendant in the court below, the defendant in error here. A jury was dispensed with by consent of the parties expressed orally in open court, but no stipulation in writing evidencing the waiver was had or filed; and the assignments of error are all based upon rulings had at the trial.

[1] In this state of the record the defendant in error makes the point that the errors assigned may not competently be inquired into by this court; and we are of opinion that this objection must prevail, at least as to all but a single assignment to be noticed later. The objection is based upon the limitations which circumscribe these courts in trials of issues of fact in actions at law; the statute requiring that they be tried by a jury (section 648, R. S. [U. S. Comp. St. 1913, § 1584]), unless the jury be waived by a stipulation in writing (section 649 [section 1587]), when the facts may be tried by the court and its rulings reviewed as provided in section 700 (section 1668). These provisions have been construed, so far as the right to review is concerned, as jurisdictional; and in the absence of a compliance therewith, except the facts be admitted by the parties in a case stated, no question is open for review on error other than "those arising upon the process, pleadings, or judgment." Erkel v. United States, 169 Fed. 623, 624, 95 C. C. A. 151, 152. In that case the rule and its reason are thus stated by Judge Gilbert:

"It is well settled that no question of law can be reviewed on error, except those arising upon the process, pleadings, or judgment, 'unless the facts are found by a jury by a general or special verdict, or are admitted by the parties upon a case stated.' Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96. In that case it was held that the finding of issues of fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act. The court said: 'And this court, therefore, cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law, as if those facts had been conclusively determined by a jury or settled by the admission of the parties.'"

As all the leading cases in support of these principles are there cited, further consideration of the question is unnecessary, since it is in no respect left in doubt.

While those sections of the statute applied originally only to trials in the late Circuit Courts, they were, on the abolishment of those courts, given application to the present District Courts. Judicial Code, § 291 (Act March 3, 1911, c. 231, 36 Stat. 1167 [U. S. Comp. St. 1913, § 1268]). Nor is the objection, as urged, in any proper sense, technical, or one which the defendant in error is estopped, by its consent in the court below, from raising. It is one which goes to the question of the court's power in the premises, and which it would be bound to regard independently of objection by a party. Bond v. Dustin, 112 U. S. 604, 605, 5 Sup. Ct. 296, 28 L. Ed. 835.

It is urged that, if compliance with these provisions is to be regarded as jurisdictional for the purposes of review, they are equally so as to the power of the trial court to competently render a valid judgment, and that as a result there has not been a trial of the action such as contemplated by law, and no judgment which can bind any

one, and that the cause should therefore be remanded for disposition in accordance with the forms of law. But this contention is quite at variance with the settled law on the subject. The omission to legally waive a jury does not deprive the trial court; it having jurisdiction of the action and the parties, of power to render a valid judgment. It affects only the extent to which such judgment may be reviewed. The judgment is valid unless set aside, and may be reviewed in certain respects, but the rulings as to the facts underlying it cannot be inquired into. This distinction is expressly recognized in Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96, where it is said that:

"As the Circuit Court had jurisdiction of the subject-matter and the parties, and there is no question of law or fact open to our re-examination, its judgment must be presumed to be right, and on that ground only affirmed."

And again in Bond v. Dustin, supra, the court say, in considering these sections:

"Before the passage of this statute, it had been settled by repeated decisions that in any action at law in which the parties waived a trial by jury and submitted the facts to the determination of the Circuit Court upon the evidence, its judgment was valid; but that this court had no authority to revise its opinion upon the admission or rejection of testimony, or upon any other question of law growing out of the evidence, and therefore, when no other error appeared on the record, must affirm the judgment."

And it was held that the same rule as to the validity of the judgment obtains under the statute; the judgment being affirmed.

[2] We are thus left at liberty to consider only questions as to the sufficiency of the pleadings to sustain the judgment. In this view there is one ruling which we are called upon to notice. At the close of the evidence, plaintiff (plaintiff in error here) moved the court "for a judgment on the pleadings and for a verdict and judgment upon the pleadings and testimony," on certain grounds stated. This motion was denied, an exception taken, and the ruling assigned as error. The contention is made for the first time in the reply brief, filed since the argument, that this ruling involves the sufficiency of the pleadings to sustain the judgment, and as such is open to our review. In the first place, not only the form of the motion but the reasons upon which it was based indicate that it was more in the nature of a motion for judgment for want of sufficient evidence to sustain a special defense set up in the answer than one challenging the sufficiency of the pleading; and it is largely so treated in the opening brief of plaintiff in error, the sufficiency of the evidence being fully discussed. But in the next place, assuming that the assignment is such as to raise a question of the sufficiency of the special defense to sustain the judgment, it is without material effect. The record discloses that, in addition to the special defense pleaded, the answer contained denials of material facts requisite to the plaintiff's recovery, and as the judgment was based on a general finding for the defendant, which involved the sufficiency of the proof on plaintiff's part to entitle it to recover, it is not material to inquire whether the special matter pleaded in the answer constituted a good defense or not, since, in view of the general

defense, it cannot be said that the pleadings are insufficient to sustain the judgment. Bond v. Dustin, supra.

[3] We are not unmindful of the ethical force in the urgent contention of the plaintiff in error that the cause should be remanded for a new trial rather than the judgment be affirmed and his right to review thus defeated, notwithstanding that the attempted waiver of the jury was apparently in good faith on both sides; but we are unable to reach the conclusion that such course would be sanctioned by law. The uniform rule in such cases is that the judgment must be affirmed, "unless under very special circumstances." Bond v. Dustin, supra; Flanders v. Tweed, 76 U. S. (9 Wall.) 425, 19 L. Ed. 678. There is nothing presented by the present record to bring the case within the ruling in any of the cases relied on where the judgment was reversed on account of "special circumstances." What the character of such circumstances must be to warrant the court in departing from the usual rule of affirmation may be gathered by a glance at the cases in which that course has been pursued. In Flanders v. Tweed, supra, the parties were at liberty, according to the practice in Louisiana, to submit the case for trial upon an agreed case to be certified by the judge for purposes of review; and it was said:

"In the present case it is apparent the parties below supposed that they had made up a case, according to the practice in Louisiana, from the finding of the facts by the court, that would entitle them to a re-examination of it here; but as the court did not make it up, and file it, as of the date of the trial and judgment, it cannot be regarded as a part of the record; and under the circumstances, the case being an important one, and intended to be carried up here for re-examination, we shall reverse the judgment for a mistrial, and remand it to the court below for a new trial."

In Graham v. Bayne, 59 U. S. (18 How.) 60, 15 L. Ed. 265, an action of ejectment, the parties stipulated (whether orally or in writing is not stated) that the cause might be tried by the Circuit Court without a jury, and that "if it should be necessary to a hearing of this cause in the Supreme Court, to treat the evidence in this cause in the nature of a special verdict." The court said:

"Counsel may agree, as in this case, to submit both fact and law to the decision of the court. * * * If the parties agree to submit the trial both of fact and law to the judge, they constitute him an arbitrator, or referee, whose award must be final and conclusive between them; but no consent can constitute this court appellate arbitrators. * * * The record exhibits the testimony and evidence laid before the judge. It is evidence of facts, but not the facts themselves as agreed or found."

And it was held that the form in which the evidence was submitted was too ambiguous and imperfect to be considered a special verdict, and that, since an ambiguous and imperfect special verdict constitutes a mistrial, the judgment of the court should be reversed.

In Burr v. Des Moines Co., 68 U. S. (1 Wall.) 99, 17 L. Ed. 561, the cause was tried by the court upon an agreed statement of facts, which "was not signed by counsel, nor entered on the record of the court, nor made a part of the record of the case by bill of exceptions, or in any other manner." The court held that the statement of facts should have been entered on the record, but that, even if it were part of the record,

the statement was "evidence of facts, and not the facts themselves as agreed or found," and would require the court to weigh conflicting testimony, and said:

"The legal presumption is in favor of the correctness of that judgment, but as the parties here have all considered the case as turning on the evidence which we have refused to consider, and have so argued it, and as it was no doubt prepared with a view to obtaining the opinion of this court on the case there stated, we have determined to dismiss the writ of error, thus leaving the parties at liberty, if they can do so by a proper agreement in the court below, to remove the difficulties which now prevent this court from reviewing the case."

In Low v. United States, 169 Fed. 86, 94 C. C. A. 1 (C. C. A. 6th Circuit), a criminal action for unlawfully carrying on the business of a rectifier without having paid the special tax required by law, the parties had agreed to submit the cause to the court without a jury. The court said:

"The defendants and the government waived a jury, and the case was heard upon the evidence by the court, and a general judgment rendered of guilty upon certain counts and not guilty upon others. Aside from the fact that this was a criminal and not a civil case, there is no statute which provides for a trial by the court without a jury, except in cases of equity or maritime jurisdiction, or when so provided by the bankrupt law. * * * Section 649 of the Revised Statutes, * * * which provides for the waiving of a jury, applies only to the Circuit Court."

And the judgment was set aside and the cause remanded, with directions to award a new trial.

The other cases cited are even less pertinent to the facts of the present record than those just considered, and it is apparent that none of them would warrant us in reversing the judgment in the present case. Were we to do so, our judgment would be erroneous. Campbell v. United States, 224 U. S. 99, 32 Sup. Ct. 398, 56 L. Ed. 684.

The judgment is affirmed.

ROSS, Circuit Judge (concurring). Prior to the act of Congress of March 3, 1865, now embodied in the sections of the Revised Statutes cited in the opinion of the court, the submission of issues of fact, in an action at law, to the court instead of to a jury for trial precluded a review by writ of error of alleged errors occurring in the course of such trial. The reasons therefor were clearly stated by Mr. Justice Miller in the case of Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395. To provide for such a review, the act of March 3, 1865, authorized the parties to make in writing, and file with the clerk of the court, a stipulation waiving a jury, compliance with which prescribed steps, the Supreme Court held in the case cited, enables the defeated party to have errors alleged to have been committed on such a trial reviewed by writ of error; but, in the absence of those steps, it was there distinctly adjudged that no such review can be had, and that in such cases the judgment must be affirmed; the court having jurisdiction of the parties and the subject-matter.

I also concur in the holding that the pleadings in the present case are not insufficient to support the judgment.