## ILLINOIS SURETY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

### No. 86.

1. APPEAL AND ERROR ⬅5—TRIAL WITHOUT JURY—WRIT OF ERROR.

Comp. St. 1913, § 1584, provides that the trial of issues of fact in the Circuit Courts shall be by jury, except in certain specified cases. Section 1587 provides that issues of fact in civil cases in any Circuit Court may be tried and determined by the court without the intervention of a jury, whenever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury. Section 1668 provides that, when an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without a jury, according to section 1587, the rulings of the court in the progress of the trial, if excepted to and presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal, and that when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment. *Held* that, where a case was tried without a jury on an oral waiver of a jury trial and without any written stipulation waiving such a trial, the questions decided at the trial could not be re-examined on writ of error, and no questions were open to review except those arising upon the process, pleadings, or judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. ⬅5.]

2. BONDS ⬅125—ACTIONS—PLEADING—REQUISITES.

Every plea in discharge or avoidance of a bond should state positively and in direct terms the matter in discharge or avoidance, and such matter is not to be inferred arguendo or upon conjectures.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 98, 180–197; Dec. Dig. ⬅125.]

3. APPEAL AND ERROR ⬅1008(2)—REVIEW—TRIAL WITHOUT JURY.

Where an action on a penal bond was tried without a jury on an oral waiver of a jury trial, whether there was any proof showing any breach of the condition of the bond, or that plaintiff had suffered any damages, could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3957, 3964; Dec. Dig. ⬅1008(2).]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. DAMAGES ⊜85—AMOUNT RECOVERABLE—PENALTY OR LIQUIDATED DAM-AGES.

As a general rule the measure of damages in the case of a penalty is the actual loss sustained; but in the case of liquidated damages there can be a recovery of the whole amount, where.such recovery is consistent with the policy of the law.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 179–181, 183–187; Dec. Dig. ⊜85.]

5. ALIENS ⊜54—BONDS—EXTENT OF RECOVERY.

In an action on a bond running to the United States and given to pro-cure the admission into the country of alien children under 16 years of age, a breach of any of the various conditions in the bond entitled the govern-ment to recover the full penalty of the bond, whether it had suffered dam-ages or not, since, while the sum mentioned in a bond is generally con-strued as a penalty, and as security for the damages actually sustained, and the recovery is limited to an amount compensatory therefor, this rule does not apply in the case of bonds running to the government, and which are given to secure performance by means of a forfeit.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ⊜54.]

6. ALIENS ⊜54—IMMIGRATION—ADMISSION UNDER BOND—AUTHORITY OF SEC-RETARY OF LABOR.

Immigration Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (Comp. St. 1913, § 4244), specifies as one of the classes of aliens to be excluded from ad-mission into the United States all children under 16 years of age, unac-companied by one or both of their parents, at the discretion of the Secre-tary of Labor, or under such regulations as he may from time to time pre-scribe. Section 26 provides that any alien liable to be excluded, because likely to become a public charge, or because of physical disability other than tuberculosis or a loathsome or dangerous disease, may, if otherwise admissible, be admitted, in the discretion of the Secretary of Labor, upon the giving of a suitable bond holding the United States, or any state or territory, etc., harmless against such alien becoming a public charge. Held that, while there is no direct provision for a bond for the admission of alien children under the age of 16 years, the Secretary of Labor under section 2 was authorized to take a bond as a condition for the admission of such children, conditioned that they would attend public school until 16 years of age and during that time perform no work interfering with their regular attendance at school, that reports of their school attendance and labor, if any, performed should be made every three months, and that none of the children should become a public charge.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ⊜54.]

7. ALIENS ⊜54—REVIEW—TRIAL WITHOUT JURY.

Where an action on a bond given to secure the admission into the coun-try of alien children under 16 years of age was tried by the court upon an oral waiver of the jury, the question whether the evidence showed that the children were unaccompanied by their parents, or either of them, so as to authorize the Secretary of Labor to require such bond, was not reviewable on a writ of error.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ⊜54.]

In Error to the District Court of the United States for the South-ern District of New York.

Action by the United States against the Illinois Surety Company. Judgment for the United States, and defendant brings error. Af-firmed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Nelson L. Keach, of New York City (L. Laflin Kellogg and Alfred C. Pette, both of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Earl B. Barnes, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This action involves the right of the government of the United States to recover the full amount of a bond, $1,000, given by the Illinois Surety Company as surety for the purpose of obtaining the admission into this country of four alien children under 16 years of age. The bond upon which the action is brought bound the defendant to pay to the United States the sum of $1,000 in the event that the conditions of the bond were not complied with. There were four of these conditions: (a) That each of the children should attend public school until 16 years of age; (b) that none of them during said period should perform any work that would interfere with their regular attendance at school; (c) that one Biagio Di Goia should send every three months to the commissioner of immigration at the port of New York a written report as to their school attendance and labor (if any) performed; and (d) that none of the children should become a public charge. This action was brought to recover the amount of the bond by reason of breaches of the conditions with regard to the school attendance of Grace and John Pace, two of the children, and the making of the quarterly reports.

A jury was waived orally by both parties at the opening of the trial, and after hearing the testimony the trial court denied motions made by the defendant to dismiss the complaint, and found a verdict in favor of the plaintiff for $1,000, the sum named in the bond. No findings of fact or conclusions of law were submitted to or signed by the trial court.

[1] The statutes require that issues of fact in actions at law be tried by jury (U. S. Comp. St. 1913, § 1584), unless the jury be waived by a stipulation in writing (U. S. Comp. St. 1913, § 1587), when the facts may be tried by the court and its rulings may be reviewed as provided in the statute (U. S. Comp. St. 1913, § 1668). This case having been tried without a jury, and there having been no written stipulation waiving a jury trial, it is well settled that none of the questions decided at the trial can be re-examined in this court on writ of error. Ladd & Tilton Bank v. Lewis A. Hicks Co., 218 Fed. 310, 134 C. C. A. 106 (1914); Erkel v. United States, 169 Fed. 623, 95 C. C. A. 151 (1909); City of Defiance v. Schmidt, 123 Fed. 1, 59 C. C. A. 159 (1903). No questions, therefore, are open to review on error, except they arise upon the process, pleadings, or judgment.

The complaint alleges that on October 9, 1912, Grazia, Giovanni, Francesco, and Angela Pace, subjects of Italy, arrived at the port of New York, and it states that their ages were respectively, 15, 12, 4, and 1 years. It then avers that on October 25, 1912, the Illinois Surety Company, the defendant herein, executed and delivered to the plaintiff a bond in the sum of $1,000, a condition of which bond was, among

others, "that if the said Grazia, Giovanni, Francesco, and Angela Pace should attend day school during the regular terms of the public school until June 30, 1913, June 30, 1916, June 30, 1925, and June 30, 1928, respectively, and if, during said period, the said aliens should not engage in any employment or perform any work or labor which should in any manner interfere with their studies, or with their regular attendance at school, then the said obligaton should be void; otherwise, to remain in full force and virtue." It then alleges a breach of the condition and demands judgment in the full amount.

[2] The answer does not deny the execution and delivery of the bond, neither does it allege any matter in discharge or avoidance of it. And no rule in pleading is better settled or upon sounder principles than that every plea in discharge or avoidance of a bond should state positively and in direct terms the matter in discharge or avoidance. The matter in discharge or avoidance is not to be inferred arguendo, or upon conjectures. United States v. Bradley, 10 Pet. 343, 9 L. Ed. 448 (1836).

[3] The answer simply denies that the alleged breach of the bond has been committed, and also that the sum of $1,000 is due and owing to the United States by reason of the premises set forth in the complaint. At the close of the case counsel for the defendant moved to dismiss the complaint. In so far as the motion was based on the absence of adequate proof showing any breach of the condition of the bond, this court is not at liberty, for the reason above stated, to consider it. And for the same reason this court cannot look into the record to discover whether there is proof that the plaintiff suffered any damages because of any omission on the part of defendant to perform the obligation imposed by the bond. But if we were at liberty to do so, and should find a total absence of proof that the United States had suffered any damages, it could not defeat the action or afford any reason for the dismissal of the complaint. If this bond had been given to an individual, instead of to the government, it might be important that it contained no less than 16 conditions of varying importance; for courts have held that where an agreement contains several distinct and independent covenants, upon which there may be several breaches, and one sum is stated to be paid upon the breach of performance, that sum is to be regarded as a penalty, and not liquidated damages. Lampman v. Cochran, 16 N. Y. 275; Hoagland v. Segur, 38 N. J. Law, 230; Chase v. Allen, 13 Gray (79 Mass.) 42; Keck v. Bieber, 148 Pa. 645, 24 Atl. 170, 33 Am. St. Rep. 846. That doctrine was applied by the Supreme Court in Bignall v. Gould, 119 U. S. 495, 7 Sup. Ct. 294, 30 L. Ed. 491 (1886). But in the case at bar, as the bond was given to the government, it would not be in the least material whether the bond contained 16 conditions or only 1.

[4] The general rule is that in case of a penalty the measure of damages is the actual loss which has been sustained as a result of the breach where this can be ascertained. But in the case of liquidated damages there can be a recovery of the whole amount where such a recovery is consistent with the policy of the law. And generally the courts construe the sum mentioned in a bond as a penalty, considering

it merely as a security for the damage actually sustained by the breach of the condition and they limit the recovery to an amount compensatory therefor. But while the above doctrine is that which courts usually enforce they do not apply it in all cases. And they do not apply it in the case of bonds running to the government. The rule is correctly stated in Sedgwick on Damages (9th Ed., 1912) § 416a, as follows:

"In the case of a bond in a penal sum given to the state or a city not to secure it against actual ascertainable loss, but in order to secure performance by means of a forfeit, of a contract entered into for the public benefit, the recovery is for the full amount of the penalty; for the damages would usually be difficult or impossible of ascertainment and the intention of the parties is held to be that an absolute forfeiture is contemplated."

In Sutherland on Damages (3d Ed.) vol. 1, § 279, the law is stated as follows:

"Without express statutory authority, officers who are authorized by law to make contracts for a state or municipality have power to fix a sum as liquidated damages for their violation. The sum designated in the contract or subsequently agreed upon becomes, in the happening of the event on which its payment depends, the precise sum to be recovered and the jury are confined to it. Nor will equity relieve from it."

[5] The question came before Chief Justice Taney in United States v. Montell, Taney, 47, Fed. Cas. No. 15,798 (1840)—a case in the Circuit Court for the District of Maryland. The bond was conditioned that the registry of a vessel should be used solely for the vessel for which it was granted, and should not be disposed of to any person whatsoever, and that if the vessel should be lost or sold the registry should be delivered up to the collector. The condition had been broken and the government was allowed to recover the full amount of the bond. Chief Justice Taney said:

"The United States are entitled to recover the whole sum, for which the party is bound, if any one of the conditions is broken. Besides, how could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof, or any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury, or be liquidated by agreement between the parties. The sum, for which the parties are to become bound, is manifestly a penalty or forfeiture, inflicted by the sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense. And it is not the less a penalty and a punishment, because security is taken before the offense is committed, in order to secure the payment of the fine if the law should be violated."

The leading case upon the subject is that of Clark v. Barnard, 108 U. S. 436, 2 Sup. Ct. 878, 27 L. Ed. 780 (1883). In that case a bond had been given to the state of Rhode Island in the sum of $100,000 to secure the construction by a given date of a railroad extension. The bond was declared forfeited in the full amount by reason of the obligor's default, although no pecuniary damages were shown to have been sustained by the state. In the opinion Mr. Justice Matthews pointed out the distinction between private obligations and bonds given to the sovereign for the purpose of promoting a public interest or

policy, and he stated that in the latter class of cases there can be no intention of indemnification, for the reason that the state can gain nothing in its political or sovereign character by the performance of the conditions nor lose anything by a default.

[6] But counsel for the defendant strenuously urged that the complaint should have been dismissed on the ground that the provisions in the bond were not in accordance with the twenty-sixth section of the Immigration Act, being the Act of February 20, 1907, c. 1134 (U. S. Comp. St. 1913, vol. 2, § 4275), which reads as follows:

"Any alien liable to be excluded because likely to become a public charge or because of physical disability other than tuberculosis or a loathsome or dangerous contagious disease may, if otherwise admissible, nevertheless be admitted in the discretion of the Secretary of [Commerce and] Labor upon the giving of a suitable * * * bond or undertaking, approved by said Secretary in such amount and containing such conditions as he may prescribe, to the people of the United States, holding the United States or any state, territory, county, municipality, or District thereof harmless against such alien becoming a public charge. The admission of such alien shall be a consideration for the giving of such bond or undertaking. Suit may be brought thereon in the name and by the proper law officers either of the United States government or of any state, territory, District, county, or municipality in which such alien becomes a public charge."

Under the answer interposed counsel is not entitled to raise the question of the validity of the bond. It is not in issue under the pleadings. We are unable, however, to see that there is any reason for assuming that the bond was taken under that section of the act. That it was so taken is nowhere alleged in the complaint, and the bond makes no reference to it. It is quite evident to us that the bond was taken under section 2 of the act, which reads as follows:

"Sec. 2. That the following classes of aliens shall be excluded from admission into the United States: All idiots, imbeciles, feebleminded persons; * * * all children under sixteen years of age, unaccompanied by one or both of their parents, at the discretion of the Secretary of Labor or under such regulations as he may from time to time prescribe. * * *"

The fact that the section contains no direct provision for a bond for the admission of alien children under the age of 16 years is not of controlling importance. It provides for the admission of such children when unaccompanied by one or both of their parents "at the discretion of the Secretary of Labor." And in the exercise of that discretion he clearly would have authority to condition their admission upon the giving of just such a bond as was required in this case. The conditions of the bond appear to us to have been reasonable and proper, and we can discover no justification for holding them unlawful and void. No one of them violates either the statutory or the common law.

In Moses v. United States, 166 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1119 (1897), the Secretary of War directed that a bond should be exacted from an officer of the army assigned to duty in the Signal Service at Washington. There was no statute specially providing for the execution of a bond by one occupying that position. But the court held that the Secretary of War had power to make the order, and Mr. Justice Peckham, speaking for the court, said:

"The consideration or the condition of the bond must not be in violation of law; it must not run counter to any statute; it must not be either malum prohibitum or malum in se. Otherwise, and for all purposes of security, a bond may be valid, though no statute directs its delivery."

[7] There can be no doubt as to the right of the Secretary of Labor to take a bond from alien minors under 16 years of age, if unaccompanied by their parents. Whether in the case at bar the proof shows that Grazia, Giovanni, Francesco, and Angela Pace arrived at the port of New York unaccompanied by their parents, or by either of them, is a matter about which we cannot inquire. What the evidence shows or does not show upon that point is, because of the oral waiver of a jury, no more open in this court than is the question whether the evidence disclosed a breach of the conditions of the bond. The latter question we considered in an earlier part of this opinion, and the same reason which made it impossible and unnecessary to examine into the record upon that point applies with equal force to this one —whether these minors entered the country unaccompanied.

There was no error committed in refusing to dismiss the complaint. Judgment affirmed.