## EMERZIAN v. S. J. KORNBLUM & WILLIAM KORNBLUM.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925. Rehearing Denied March 16, 1925.)

No. 4388.

Appeal and error ⊜⟶849(2) ——Rulings made on trial to court without written stipulation not reviewable.

Under Rev. St. § 649 (Comp. St. § 1587), in the absence of a written stipulation, filed with the clerk, rulings made in the progress of a trial of an action at law to the court without a jury are not reviewable, and the appellate court can only look to the record of the process, pleadings, and judgment.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; William P. James, Judge.

Action at law by S. J. Kornblum & William Kornblum, a corporation, against Karl Emerzian. Judgment for plaintiff, and defendant brings error. Affirmed.

Geo. Cosgrave and L. B. Hayhurst, both of Fresno, Cal., and Edward F. Treadwell, of San Francisco, Cal., for plaintiff in error.

Lindsay & Conley and Edward Schary, all of Fresno, Cal., and K. A. Miller, of Los Angeles, Cal. (W. M. Conley and Philip Conley, both of Fresno, Cal., of counsel), for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment in an action

at law tried by the court without the intervention of a jury. There was no stipulation in writing waiving a jury filed with the clerk, as required by section 649 of the Revised Statutes (Comp. St. § 1587). In the absence of such a stipulation it has been held in an almost endless line of decisions that rulings made in the progress of the trial cannot be reviewed by an appellate court, unless error appears on the face of the process, pleadings, or judgment. Duncan v. Atchison, T. & S. F. R. Co., 72 F. 808, 19 C. C. A. 202; Erkel v. United States, 169 F. 623, 95 C. C. A. 151; Ladd & Tilton Bank v. Lewis A. Hicks Co., 218 F. 310, 134 C. C. A. 106; Bouldin v. Alto Mines Co. (C. C. A.) 299 F. 301; United States v. McGovern (C. C. A.) 299 F. 302.

The judgment of the court below is therefore affirmed.