## JAMES–DICKINSON FARM MORTGAGE CO. et al. v. SEIMER.

(Circuit Court of Appeals, Seventh Circuit. March 5, 1926. Rehearing Denied April 26, 1926.)

No. 3506.

1. Appeal and error ☞849(1)—Where jury trial was waived orally, none of questions decided at trial could be reviewed on writ of error (Rev. St. §§ 649, 700 [Comp. St. §§ 1587, 1668]).

Under Rev. St. § 700 (Comp. St. § 1668), where jury trial was waived orally, and not by written stipulation under section 649 (Comp. St. § 1587), none of questions decided at trial could be reviewed on writ of error.

2. Appeal and error ☞719(1)—Trial court's refusal to quash service on defendant, if erroneous, held not reviewable on writ of error, as plain error not assigned.

Trial court's refusal to quash alleged defective service on defendant, if erroneous, could not be reviewed on writ of error, as plain error not assigned, by Circuit Court of Appeals; such error not involving merits of case.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by Cora Seimer against the James-Dickinson Farm Mortgage Company and another. Judgment for plaintiff (299 F. 651), and defendants bring error. Affirmed.

George F. Rearick, of Danville, Ill., for plaintiffs in error.

Walter T. Gunn, of Danville, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. [1] This is an action for damages for deceit, brought in the state court and removed by plaintiffs in error to the court below. The cause was tried by the court without a jury, a jury being waived. No stipulation in writing waiving a jury was filed with the clerk, as required by section 649 of the Revised Statutes (Comp. St. § 1587). Under section 700[1] of the Revised Statutes "the rulings of the court in the progress of the trial" may be reviewed when a stipulation, waiving a jury, has been filed with the clerk as provided in section 649, but not so when the jury is waived orally as in this case. In such case it is settled law that none of the questions decided at the trial can be re-examined on writ of error. Among the many cases so holding we may note the following: Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835; Spalding v. Manasse, 131 U. S. 65, 9 S. Ct. 649, 33 L. Ed. 86; County of Madison v. Warren, 106 U. S. 622, 2 S. Ct. 86, 27 L. Ed. 311; Erkel v. United States, 169 F. 623, 95 C. C. A. 151; Ladd & Tilton Bank v. Hicks Co., 218 F. 310, 134 C. C. A. 106; Illinois Surety Co. v. United States, 229 F. 527, 143 C. C. A. 595; United States v. National City Bank (C. C. A.) 281 F. 754.

Plaintiffs in error urged upon the argument, and contend in their briefs, that the trial court erred in its rulings upon the statute of limitations and upon the applicability and validity of the Texas statute, set forth in the declaration, authorizing the assessment of exemplary damages. These were rulings in the progress of the trial, which can only be reviewed when the written waiver is filed, as provided in section 649. Some of the cases hold that, when no written stipulation is filed, the only question that can be presented in this court is whether the declaration is sufficient to sustain the judgment; others hold "no questions are open to review on error, except they arise on the process, pleading, or judgment." But plaintiffs in error have not put themselves in position to raise any question upon these. The statute authorizing writs of error requires that there be annexed to and returned with the writ of error an assignment of errors, and by rule of this court errors not assigned will not be considered. Plaintiffs in error have made numerous assignments, the corporation 26 and the individual 27, but not one of these challenges the sufficiency or validity of the process or pleadings or judgment, or raises any question upon either of them.

[2] The corporation plaintiff in error insists that the service upon it was not good and should have been quashed. If the ruling of the trial court upon this question was error, we cannot notice it as a plain error not assigned, because under the rule we may only

[1] Comp. St. § 1668.

notice a plain error not assigned "involving the merits of the case." While not required to do so, we have examined the entire record, and are satisfied that the declaration states a good cause of action, and that the evidence of the defendant in error, which was all the evidence given in the cause, is sufficient to support the finding and judgment.

Affirmed.