## NOONE v. SINNER.

Circuit Court of Appeals, Eighth Circuit.
March 6, 1928.

No. 7438.

Appeal and error ⊂⇒849(2)—Oral stipulation waiving jury in action at law, jury being demandable, limited review under writ of error to process, pleadings, and judgment.

Waiver of jury trial, otherwise than by written stipulation, in action at law in which jury trial was demandable as matter of right, *held* to limit scope of review under writ of error to questions arising on the process, pleadings, and judgment, where facts were not admitted under case stated, sufficiency of evidence not being considered.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by D. L. Noone, receiver of the Union National Bank of Beloit, Kan., against Elizabeth Sinner and husband. From a judgment in favor of defendant named, plaintiff brings error. Affirmed.

C. W. Burch, B. I. Litowich, and LaRue Royce, all of Salina, Kan., for plaintiff in error.

R. M. Anderson, of Lincoln, Neb., and C. L. Kagey, of Beloit, Kan., for defendant in error.

Before KENYON and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error brought suit against the defendant in error and her husband to recover upon three promissory notes signed by them. The answers alleged failure of consideration and that they were executed as accommodation notes to the plaintiff in error. A trial by jury was waived, and after hearing the evidence the trial judge found in favor of the defendant in error, but entered judgment against her husband. The plaintiff in error has prosecuted a writ of error from that judgment.

If a jury trial is waived in an action at law, in which a jury trial is demandable as a matter of right, and the waiver is not made by a written stipulation, the scope of review, under a writ of error, is limited to questions which arise on the process, pleadings or judgment, unless the facts are admitted under a case stated. This has been the rule since the first Judiciary Act of 1789, except in cases which arose under special acts of Congress relating to Louisiana and to California and

Oregon. Campbell v. Boyreau, 21 How. 223, 226, 16 L. Ed. 96; Guild v. Frontin, 18 How. 135, 15 L. Ed. 290; Flanders v. Tweed, 9 Wall. 425, 430, 19 L. Ed. 678; Kearney v. Case, 12 Wall. 275, 281, 282, 283, 20 L. Ed. 395; Bond v. Dustin, 112 U. S. 604, 606, 607, 5 S. Ct. 296, 28 L. Ed. 835; Road District v. St. Louis S. W. R. Co., 257 U. S. 547, 562, 42 S. Ct. 250, 66 L. Ed. 364; Duignan v. United States, 274 U. S. 195, 198, 47 S. Ct. 566, 71 L. Ed. 996; County of Madison v. Warren, 106 U. S. 622, 623, 2 S. Ct. 86, 27 L. Ed. 311; Shipman v. Straitsville Mining Co., 158 U. S. 356, 361, 15 S. Ct. 886, 39 L. Ed. 1015; St. Louis S. W. R. Co. v. Com'rs of Road Imp. Dist. No. 2 (C. C. A.) 265 F. 524, 528; Ford v. United States (C. C. A.) 260 F. 657, 658; Ladd & Tilton Bank v. Lewis A. Hicks Co. (C. C. A.) 218 F. 310, 311; Erkel v. United States (C. C. A.) 169 F. 623, 624; Bouldin v. Alto Mines Co. (C. C. A.) 299 F. 301, 302; United States v. McGovern (C. C. A.) 299 F. 302, 303; Illinois Surety Co. v. United States (C. C. A.) 229 F. 527, 529; Rush v. Newman (C. C. A.) 58 F. 158, 160; Duncan v. Atchison, T. & S. F. R. Co. (C. C. A.) 72 F. 808, 810; City of Defiance v. Schmidt (C. C. A.) 123 F. 1, 3; Bowers v. Henry Steers, Inc. (C. C. A.) 241 F. 377, 378; Ford v. Grimmett (C. C. A.) 278 F. 140, 142; Hadfield-Penfield Steel Co. v. Eastern Production Co. (C. C. A.) 281 F. 382, 383; United States v. National City Bank of New York (C. C. A.) 281 F. 754, 758; National City Bank v. Kimball Commercial & Savings Bank (C. C. A.) 2 F.(2d) 461, 462; Emerzian v. S. J. Kornblum & William Kornblum (C. C. A.) 3 F.(2d) 995, 996; Twist v. Prairie Oil & Gas Co. (C. C. A.) 6 F.(2d) 347, 350; James-Dickinson Farm Mortgage Co. v. Seimer (C. C. A.) 12 F.(2d) 772; Municipal Excavator Co. v. Siedhoff (C. C. A.) 15 F. (2d) 10, 14; Graver Corporation v. Hercules Gasoline Co. (C. C. A.) 16 F.(2d) 459.

The scope of review was no broader, even if a written stipulation was filed waiving a jury in such cases, until the Act of Congress of March 3, 1865 (13 Stats. 500; U. S. Code, tit. 28, § 773 [28 USCA § 773]). The purpose of that act, and the limited review allowed since its enactment, if a written stipulation is filed, has been stated in Flanders v. Tweed, 9 Wall. 425, 19 L. Ed. 678, Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395, and in many subsequent cases, but the relief afforded by that act is confined to cases in which a written stipulation is made. To obtain a re-

view under the provisions of this act of Congress, the record must show a waiver by stipulation in writing. Bond v. Dustin, 112 U. S. 604, 606, 5 S. Ct. 296, 28 L. Ed. 835.

The record shows that the cause came on for hearing and that the plaintiff and defendants were present and represented by counsel and then it recites, "Whereupon, a jury having been waived by each of the parties, the matter comes on for hearing before the court." In the case last cited the recitals were, "The issue joined by consent is tried by the court, a jury being waived," and in the bill of exceptions it was stated, "The above cause. coming on for trial, by agreement of the parties, by the court, without the intervention of a jury," and these recitals were held to be insufficient to show a written waiver. See, also, Rush v. Newman (C. C. A.) 58 F. 158, 160.

The brief of counsel for plaintiff in error makes no claim that a written stipulation was made, but states that, when the case was called, it was announced that a jury was waived, and that the parties proceeded to trial, and no one asked for a jury. There is no claim of any error in the process, pleadings or judgment, and, as the only contentions relate to the sufficiency of the evidence, the judgment will be affirmed.