(85 Misc. Rep. 35)

## MARTIN v. OBERLE et al.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. CONTRACTS (§ 234*)—BUILDING CONSTRUCTION—SUBCONTRACTORS.

Plaintiff, for a specified price, agreed to do certain work, including plastering, in the alteration of a building, pursuant to a subcontract, in accordance with certain specifications, one of which referred to from the main contract was entitled "Finishing walls," and provided, "Allow $600 for finishing wall in 2, 3, and 5, this allowance not to include the plaster cornice, which is included under 'cornices.'" *Held*, that the subcontractor was not bound by any portion of the specifications merely referring to the amount of payment to be made by the owner, and, not having finished the walls, was not required to deduct $600 from his contract price under such provision.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1099, 1100; Dec. Dig. § 234.*]

2. CONTRACTS (§ 234*)—SUBCONTRACTS—UNSATISFACTORY WORK.

Where a subcontractor agreed to perform his work under the supervision of the architect, who caused the general contractor to replace a brown stone parapet, which was unsatisfactory to him owing to defects in plaintiff's work, the amount due plaintiff was subject to a deduction for the reasonable cost of the change.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1099, 1100; Dec. Dig. § 234.*]

Appeal from City Court of New York, Trial Term.

Action by John T. Martin against Jacob F. Oberle and the American Surety Company, impleaded with others. From a judgment for plaintiff, defendants Oberle and the surety company appeal. Modified and affirmed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Begg, Begg & Begg, of New York City, for appellant Oberle.

Henry C. Willcox, of New York City (Albert R. Lesinsky and Roderick Begg, both of New York City, of counsel), for appellant American Surety Co.

John E. Duffy, of New York City (Montague Lessler, of New York City, of counsel), for respondent Martin.

H. A. & C. E. Heydt, of New York City (John W. Van Gordon and William S. Evans, both of New York City, of counsel), for respondent M. Byrne Co.

LEHMAN, J. [1] The plaintiff herein has recovered a judgment in a mechanic's lien action against the defendant for work done under a contract made by the plaintiff as subcontractor for work which the defendant was obligated to perform under a general contract with the owner. The most important question raised on this appeal concerns the construction of the plaintiff's written contract. This contract provided that the plaintiff for the agreed price of $3,190 should perform the following work:

"Demolition, excavation, structural, concreting sidewalk and paving, brushwork, stonework plastering, general work in accordance with the plans and

---

*For other cases see same topic & § NUMBER in Dec. &-Am. Digs. 1907 to date, & Rep'r Indexes

specifications entitled work alteration to house of I. W. Kindall, No. 126 East 79th street, N. Y. The subcontractor furthermore proposes and agrees that insurance shall be maintained and that the work shall be conducted in accordance with articles I to XVI inclusive, attached hereto, and made a part of this proposal and contract:"

The defendant agreed in that contract to pay to the subcontractor the above-mentioned sum of $3,190 on the certificate of the architect "that its agreements have been satisfactorily fulfilled." Annexed to this contract were certain general clauses, numbered I to XVI. The defendant showed that the specifications which were annexed to his general contract, and which are referred to in this subcontract with the plaintiff, contained under the heading of plastering, the following clause:

"XVII. Finishing walls: Allow $600 for finishing wall in 2, 3 and 5. This allowance not to include the plaster cornice which is included under cornices."

The defendant claims that this clause of the specifications is incorporated by reference into his contract with the plaintiff, and contends in his brief that its effect is that:

"Martin instead of having to estimate on finishing these walls agreed to allow as much as $600 for that part of the work, enabling and permitting the general contractor, if and so long as the plasterer did not finish the walls in question, either to reduce the entire contract price by $600, or to expend in connection with the work that sum or a part thereof, at the option of the architect."

It seems to me that this contention is without merit. The plaintiff agreed to perform the plastering according to the plans and specifications, and, so far as the specifications contain directions as to the manner in which the work is to be done, and description of that work, he is bound by everything contained in those specifications, but he is not bound by any portion of the specifications which merely refer to the amount of payment to be made by the owner.

There is no dispute that, with the exception of certain matters hereinafter referred to, the plaintiff has performed all the work called for by the specifications, and he is therefore entitled to the agreed price of that work. The mere fact that the specifications contain a clause that, though the general contractor should perform all the work called for by the specifications, yet unless he is required by the architect to perform additional work in finishing the walls in rooms 2, 3, and 5, not called for by the contract, he must make the owner an allowance of $600 upon the price which the owner agrees to pay him cannot, in my opinion, be held to bind the plaintiff so that he must make a similar allowance to the general contractor, though he has performed all the plastering actually called for in the building, and done that work in accordance with the specifications. The trial justice was, I think, clearly right in construing the contract as he did.

[2] The only remaining question arises upon the dismissal of the defendant's counterclaim for damages arising by the alleged failure of the plaintiff to comply in other respects with the contract. In regard to most of these matters, the testimony of the defendant is either directly contradicted by the plaintiff, or inferentially by the surrounding circumstances, and the findings of fact of the trial justice should not

be disturbed. It appears, however, undisputed that, though the plaintiff agreed to perform his work under the supervision of the architect, the architect caused the defendant to replace a brown stone parapet which was unsatisfactory to him, owing to defects in the plaintiff's work. The defendant's counterclaim of $65 for this item should have been allowed.

I find also that the plaintiff did not properly meet the proof adduced by the defendant that he was required, at a cost of $17.93, to replace a part of the sidewalk broken by the plaintiff.

Judgment should therefore be modified by deducting the sum of $82.93, and, as modified, affirmed without costs.

SEABURY, J. concurs.

BIJUR, J. I concur. The main difficulty in this case arises out of the cryptic language of paragraph 17. If, when properly interpreted, it means that the contractor shall allow $600, provided he be not required to "finish the walls in rooms 2, 3, and 5" as required by the contract, then plainly, the plaintiff's bid included that work, and if he was not called upon to do it, he must deduct $600 from the contract price. But we are not left in doubt as to the interpretation, because the architect, as provided in the contract, has interpreted it. He says:

"The allowance of $600 is to be construed as applying to the 'finishing of walls,' namely such ornamentation as may be required in rooms 2, 3, and 5 *in addition* to the plain plastering *which is called for in paragraph 10 of this heading.*"

The authoritative interpretation of the disputed clause, therefore, is that it refers to an allowance to be made by the owner to the contractor in case the contractor be called upon to do some finishing on the walls in rooms 2, 3, and 5 in addition to what was called for by the contract. It is plain, therefore, that the plaintiff is entitled to at least his entire contract price, regardless of whether he was called upon to do this finishing or not.

I concur in the entire result reached by Mr. Justice LEHMAN.