MILLER et al. v. HAMILTON et al.

(Circuit Court of Appeals, Eighth Circuit.   July 13, 1914.)

No. 3985.

1. EVIDENCE (§ 399*)—PAROL EVIDENCE AFFECTING WRITING—VARYING CONTRACT FOR CONSTRUCTION OF SEWER.

Where a contract by plaintiffs to furnish the material and construct certain sewer lines expressly specified the amount of work to be done and material to be furnished, parol evidence, offered by defendant, that a larger amount of work and material than so specified were to be furnished by plaintiffs was for the purpose of varying the contract, and not of construing it, and was not admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1772-1777; Dec. Dig. § 399.*]

2. CONTRACTS (§ 166*) — CONSTRUCTION — CONTRACT FOR CONSTRUCTION OF SEWER.

Where a contract by plaintiffs to construct a sewer expressly fixed the time for the beginning and completion of the work, a further provision that it should be executed according to specifications attached did not make a part thereof a provision of the specifications fixing a different time for completing the work and requiring the payment of liquidated damages for delay.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 749; Dec. Dig. § 166.*]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action at law by J. F. Hamilton and others against Max D. Miller and others, constituting the Sewer Commissioners of District No. 1 of Marianna, Ark. Judgment for plaintiffs, and defendants bring error. Affirmed.

S. H. Mann, of Forrest City, Ark. (H. F. Roleson, of Marianna, Ark., on the brief), for plaintiffs in error.

J. M. Vineyard, of Helena, Ark. (Moore, Vineyard & Satterfield and Jacob Fink, all of Helena, Ark., on the brief), for defendants in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and SMITH, Circuit Judges, and POPE, District Judge.

SMITH, Circuit Judge. A suit was brought by the members of the copartnership of Hamilton Brothers' Company against the Sewer Commissioners of District No. 1, of Marianna, Ark., upon a written contract. There was a cross-complaint for liquidated damages. The case resulted in a verdict and judgment for the plaintiffs, both upon the complaint and cross-complaint, and the defendants sued out this writ of error.

The material portions of the contract in question are as follows:

"That for and in consideration the payments hereinafter stated the party of the second part (Hamilton Brothers Co.) agrees to furnish all the materials, tools and labor necessary to complete, and will complete, the unfinished and abandoned contract for the construction (—) a system of sewers in Sewer Improvement District No. 1 of the said city of Marianna, Arkansas, the work to be done and materials to be furnished are as follows: Furnishing and laying 20072 feet of eight (8) inch sewer pipe, furnish and lay eighty four (84) feet of ten inch sewer pipe, nineteen flush tanks, thirty seven manholes, one lamp hole and two bulk heads.

"It is also agreed that the material now on line of the streets in said sewer district shall be delivered to the said party of the second part without cost to him, to be used in completion of the said sewer system. The said material is as follows:

15 cubic yards stone (for macadam)
10 cubic yards sand
19 syphons (pacific flush tank pattern)
(2255) 2255 pieces of 8 in. pipe (thirty in. long)
177 Ys 6/8 24 in. long
14 Ts 6/8 24 in. long
22 Ls 6 in.

"Said material is now distributed along the line of the proposed sewer, and the said party of the second part agrees to take possession of the same and be responsible for the same until placed in sewer and accepted."

[1] The sewer commissioners had a prior contract for the construction of these sewers with the Nick Peay Construction Company, which had been abandoned by the Construction Company. They also claimed that the contract that they made with the plaintiffs below, defendants here, meant that the Hamilton Brothers Company would complete the unfinished Nick Peay Construction Company contract, and that to that end they would both furnish and lay the amount of sewer pipe specifically listed in the contract, and would in addition lay the pipe and accessories turned over to them under the contract.

Hamilton Brothers Company claim that they were only to lay a little in excess of 20,000 feet of sewer pipe, or less than four miles, while the sewer commissioners claim they were to lay a little more than one mile of additional service. It is claimed that this was due to a latent as distinguished from a patent ambiguity.

The defendants offered considerable evidence as it is alleged to aid in the interpretation of the contract, and especially offered to show how much service was necessary to complete the system in District No. 1, but it was excluded. They did not, however, offer the contract with the Nick Peay Construction Company, or otherwise offer to show how much of that contract was uncompleted. Even according

to the defendants' contention the agreement was not to complete the sewer system, but to complete "the unfinished and abandoned contract for the construction of the system of sewers in sewer improvement district No. 1." Nor was it attempted to be shown how much was contracted to be done under the abandoned contract. If there was any latent doubt about the construction of the contract, much of the evidence offered would have been admissible, but the parties had not only agreed that the Hamilton Brothers Company would complete the unfinished and abandoned contract, but they had explicitly agreed that "the *work to be done* and materials to be furnished" were as specifically described. The contention that the plaintiffs below were to do a mile more than thus described was not an attempt to aid the court in the interpretation of the contract, but was an effort to vary the terms of the written instrument by parol.

There is nothing in the contention that plaintiffs did not furnish the materials turned over to them. It was expressly agreed the property should be delivered to the plaintiffs without cost to them, to be used in the completion of the sewer system; it was furnished by them as much as any pipe bought by them. When the parties had expressly stipulated how much material and work was necessary to complete the contract, this could not be varied by parol on the theory that it was to aid in the interpretation of the contract. The plaintiffs were not subject to have one-fourth added to the amount of the sewer stipulated to be laid by them under the guise of interpretation.

We have no inclination to dispute or modify the fundamental rule in this court that:

"The situation of the parties when the contract was made, its subject-matter, and the purpose of its execution are material to determine the intention of the parties and the meaning of the terms they used, and that when these are ascertained they must prevail over the dry words of the stipulations." Accumulator Co. v. Dubuque St. Ry. Co., 64 Fed. 70, 12 C. C. A. 37; City of Salt Lake City v. Smith, 104 Fed. 457, 43 C. C. A. 637; Kauffman v. Raeder, 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247.

We simply hold that the contract in question was clear and unambiguous and such evidence would not in this case aid in its construction.

[2] Coming now to the cross-complaint. Nothing was said about liquidated damages in the contract, but it was provided:

"It is also agreed that the said party of the second part will commence work on or before March 1st, and will complete the same on or before July 17, 1907; and the said party of the second part agrees to push the said work as rapidly to completion as the conditions will reasonably permit. It is also agreed that the said contract will be executed under the terms and according to the plans, profiles and specifications now on file with the said commissioners, a copy of the plans and specifications being attached hereto."

The specifications contained the following:

"The work embraced in this agreement shall be begun within one week after written notice so to do shall have been given to the contractor by the engineer employed by the sewer commissioners and shall be carried on regularly and uninterruptedly thereafter (unless the said engineer shall otherwise in writing, especially direct) at a rate to secure its full completion within five (5) months thereafter, unless the time shall have been extended by the engineer, as afore-

said, and then within said period of five (5) months plus the additional time allowed by the engineer, the time of beginning, rate of progress and time of completion being essential conditions of this agreement. If the contractor fails to complete the work within the time above specified, the sum of five dollars per day for the first ten days and the sum of ten dollars per day for each and every day thereafter until such completion, shall be deducted from the moneys provided for under this agreement."

The sole question here is whether, under the provisions of the contract, this portion of the specifications became a portion thereof. In a suit between the plaintiffs in error, the defendants below, and the Nick Peay Construction Company arising out of the contract for the construction of this sewer system the Supreme Court of Arkansas held that this provision in the specifications was not as against the sureties upon the bond of the contractor incorporated in the contract. Peay Construction Company v. Miller, 100 Ark. 284, 139 S. W. 1107. This is especially true in this case, where the time fixed by the contract for the completion of the work was wholly different from the time fixed in the specifications.

There is no substantial error in the record, and the case is affirmed.