## NORTH RIVER INS. CO. OF NEW YORK v. GUARANTY STATE BANK OF FARWELL.

Circuit Court of Appeals, Fifth Circuit. February 19, 1929.

Rehearing Denied March 25, 1929.

No. 5247.

E. G. Senter, of Dallas, Tex., and R. H. Hamilton, of Amarillo, Tex., for appellant.

Louis C. Penry, of Stamford, Tex., and W. H. Russell, of San Antonio, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the cause of action alleged in the petition of appellee, plaintiff below, is substantially this: Plaintiff, a banking corporation, was the owner of two certain buildings and the fixtures in one of them, in the town of Farwell, Tex., which were covered by fire insurance in companies other than defendant, appellant herein. Defendant was represented in Farwell by A. B. Crane, its general agent, who had full power to make contracts of insurance for and in behalf of defendant. About January 17, 1925, Crane, acting on behalf of defendant approached F. W. McCutcheon, who was vice president and agent of plaintiff, and solicited fire insurance on said buildings, and plaintiff, through its agent, told Crane that it did not wish to be bothered with looking after renewals of insurance, and he agreed that defendant would issue two policies (which are described in the petition), and would renew them immediately before their expiration, and present them to plaintiff, thereafter collecting the premium, and plaintiff agreed to pay the premium whenever a bill was rendered. The two policies were issued, one for $6,000 on the buildings used as a bank and post office and the fixtures therein, and one for $4,000 upon the other building, which was occupied as a hardware store, and paid the premium. The policies contained this clause:

"This policy may by a renewal be continued under the original stipulations in consideration of premium for the renewal term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void."

"The policies expired January 24, 1925, and defendant neglected to renew them. It was the custom in Farwell for all insurance to be renewed by the agents before expiration, and the policies to be tendered to the insured, and appellant was well aware of this custom. On March 6, 1926, the property covered by the insurance was totally destroyed by fire. There had been no increase in the hazard.

Defendant did not demur or except to the petition, and filed an answer which denied the authority of the agent to make the contract alleged, denied the custom as to renewals, and denied that any contract for continuous insurance had in fact been made. The case was submitted to the judge without the intervention of the jury. The judge reached the conclusion that the contract for the renewal of insurance was good and valid, and a present contract under the law of Texas, basing his decision on the case of Austin Fire Insurance Co. v. Adams-Childers (Tex. Com. App.) 246 S. W. 365, and other authorities, and also reached the conclusion that Crane had authority to make such a contract on behalf of plaintiff, and that he in fact did so. Judgment was rendered for plaintiff in the sum of $9,841, with interest and costs.

There are 14 assignments of error, set out with great particularity and occupying some 30 pages of the printed transcript. None of the errors assigned is based on the process, pleadings, or judgment, and their consideration would require an examination of the evidence.

It does not appear from the transcript before us that the jury was waived in writing conformably to the statute (title 28, § 773, U. S. C. [28 USCA § 773]); nor does it

appear that either party requested findings of fact by the judge, and the judge did not make any; nor does it appear that either party moved for judgment in submitting the case. The case presented is purely at law, with no features · on which jurisdiction in equity could be based. We are in effect asked to review the judge's conclusions, based on more or less conflicting evidence; but unfortunately, while perhaps all the evidence is in transcript, it is not incorporated in a bill of exceptions, and is not authenticated by the signature of the judge. In this situation we are powerless to review the judgment.

If a case is submitted to the judge without a waiver of the jury in writing, there can be no review on appeal (Flanders v. Tweed, 9 Wall. 425, 19 L. Ed. 678), unless the declaration does not support the judgment (Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835), which is not the case here, as the pleadings state a good cause of action, with issue joined. If we were to assume that the jury was waived in writing, a presumption wholly unsupported by the record, appellant would be in no better position. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478. Nor would the case be different if actually tried to a jury, in the absence of a bill of exceptions bringing up those portions of the record upon which the assignments of error are predicated. Suydam v. Williamson, 20 How. 427, 15 L. Ed. 978.

Affirmed.