## H. P. CUMMINGS CONST. CO. v. MARBLELOID CO.

### No. 4539.

Circuit Court of Appeals, Third Circuit.
Aug. 18, 1931.

Edwards & Smith, of Jersey City, N. J. (Harford T. Marshall, of New York City, of counsel), for appellant.

Hunt, Hill & Betts, of New York City (H. Victor Crawford, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment, entered by the court sitting without a jury, dismissing the complaint in an action to recover $6,766.23 damages for breach of an alleged contract of indemnity.

The plaintiff-appellant, a Massachusetts corporation, entered into a contract with the state of Maine for the erection of a girls' dormitory, an addition to the kitchen building, and an addition to the laundry building, for the School for Feeble Minded in the Town of West Pownal, Cumberland County, Me. The defendant, Marbleloid Company, made a subcontract with the plaintiff to lay a marbleloid floor in the new dormitory and dining room addition, "in accordance with the plans and specifications of H. S. Coombs, architect."

The floors were laid by the defendant and soon cracked. The state of Maine called upon the plaintiff, general contractor, to relay them, and it in turn called upon the defendant to do it; but the defendant refused on the ground that the cracking was due, not to its work, but to cracks in the concrete foundation which it did not lay and with which it had nothing to do. Thereupon the state relaid them, brought suit against the plaintiff for the cost thereof, and secured judgment against it for $3,042.55. The plaintiff then brought suit against defendant for the amount of the judgment which it was compelled to pay and costs of $3,723.68, which it incurred in defending the suit, making the entire damages $6,766.23.

The defendant contends that the so-called "proceedings at trial" should be stricken out and the appeal dismissed because a bill of exceptions was never presented to or signed by the trial judge and consequently there is nothing for this court to consider. By a uniform course of decisions, no point, as a general rule, will be considered by an appellate court unless objections are made and exceptions taken to the rulings thereon at the trial. It is further necessary that the exceptions thus taken be presented to the judge for allowance at the same term or within a further time allowed by order entered at that term or by a standing rule of court. Texas Company v. Brilliant Manufacturing Company (C. C. A.) 2 F.(2d) 1; Atchison, Topeka & Santa Fe R. R. Co. v. Nichols (C. C. A.) 2 F.(2d) 12; Goetzinger v. Woodley (C. C. A.) 17 F.(2d) 83; Reilly v. Beekman (C. C. A.) 24 F.(2d) 791; North River Ins. Co. v. Guaranty State Bank of Farwell (C. C. A.) 30 F.(2d) 881; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; Jennings v. Philadelphia, Baltimore & Washington Railway Co., 218 U. S. 255, 31 S. Ct. 1, 54 L. Ed. 1031; O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 327. But appellant says that a bill of exceptions was unnecessary in this case, for the reason that "in trials by the court in an action at law with a jury waived by stipulation in writing, the sufficiency of facts specially found to support the

judgment is open to review without exceptions and a bill of exceptions." This is true, and the following cases support that proposition: Guaranty Trust Co. v. Koehler (C. C. A.) 195 F. 669; City of Cleveland v. Walsh, Construction Co. (C. C. A.) 279 F. 57; Templar Motors Co. v. Bay State Pump Co. (C. C. A.) 289 F. 24; Tyng v. Grinnell, 92 U. S. 467, 23 L. Ed. 733; Seeberger v. Schlesinger, 152 U. S. 581, 14 S. Ct. 729, 38 L. Ed. 560; 28 USCA § 875. But this rule of law is not applicable in this case, for the court did not make special findings of fact and its general findings have the effect of a general verdict of a jury, which is conclusive upon all matters of fact. There being no exceptions to rulings of law in the progress of the trial and no bill of exceptions, bringing up those portions of the record upon which the assignments of error are predicated, the review is limited to the pleadings and opinion and there is nothing in them justifying a reversal. North River Insurance Co. v. Guaranty State Bank of Farwell (C. C. A.) 30 F.(2d) 881; Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373; St. Louis v. Western Union Telegraph Co., 166 U. S. 388, 17 S. Ct. 608, 41 L. Ed. 1044; Vicksburg, etc., Railway Co. et al. v. Anderson-Tully Co., 256 U. S. 408, 415, 41 S. Ct. 524, 65 L. Ed. 1020.

But passing this technical question, the same conclusion must be reached on the merits of the case.

■ The plaintiff sued to recover damages on a contract of indemnity and not to recover on the breach of a contract because of negligent construction of the work which the defendant agreed to perform. The contract between the plaintiff and defendant provided that the defendant was to lay marbleloid floors "in accordance with the plans and specifications of H. S. Coombs, Architect," which were the plans and specifications in the general contract between the plaintiff and the state of Maine. In section 44a of these specifications, it appears that the contractor agreed to indemnify the state of Maine for damages due to poor workmanship, and the plaintiff says that these plans and specifications are incorporated in the subcontract by reference and, therefore, an implied contract to indemnify the plaintiff by the defendant arose. But the reference in the subcontract to "the plans and specifications of H. S. Coombs, Architect," was evidently for the mere purpose of identifying the floors to be laid and the manner in which the work was to be done in laying them. The

rule of law based upon authority and sound reason is that in the case of subcontracts, as in other express agreements in writing, a reference by the contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified. Martin v. Oberle, 85 Misc. Rep. 35, 147 N. Y. S. 60; Miller v. Hamilton (C. C. A.) 216 F. 131; Guerini Stone Co. v. J. P. Carlin Construction Co., 240 U. S. 264, 36 S. Ct. 300, 60 L. Ed. 636. It was far from the intention of the defendant, when it entered into the contract to lay floors, to incorporate therein all the provisions of the plans and specifications in the contract between the plaintiff and the state of Maine.

■ The real purpose of bringing this suit on the theory of a contract to indemnify was to avoid the statute of limitations (Rev. St. Me. 1930, c. 95, § 90). If this action is based upon a contract to indemnify, it is not barred by the statute of limitations, but if based on the breach of a contract to lay marbleloid floors, it is barred by the statute. In the case of a contract to indemnify, the cause of action accrues and the statute begins to run when and only when the loss or damage occurs. But in the case of the breach of a contract to do certain work, the cause of action accrues and the statute begins to run from the time of the breach. 3 Williston, Contracts, § 2004, p. 3402; 37 Corpus Juris, p. 838. Judgment against the plaintiff in the Supreme Judicial Court of Maine was rendered on April 4, 1929.

■ But the last work was done and the floors were completed on September 22, 1922. The contract, if breached at all, was breached on or before that date and the right of action accrued then and the statute began to run at that time and not when the floors cracked or the state of Maine secured judgment against the plaintiff. Painter Fertilizer Co. v. Kil-Tone Co., 105 N. J. Law, 109, 143 A. 332; Hoppaugh v. McGrath, 53 N. J. Law, 81, 21 A. 106; Gogolin et al. v. Williams, 91 N. J. Law, 266, 102 A. 667; Wilcox v. Plummer's Executors, 29 U. S. (4 Pet.) 172, 7 L. Ed. 821. The suit had to be brought within six years, that is, on or before September 22, 1928; but it was not begun until December, 1929, and so was barred by the statute.

■ The judgment against the plaintiff in Maine was not conclusive upon the defendant. To entitle the plaintiff to indemnification for the damages recovered against it in the Maine suit, it must show a contract with

the defendant which in terms and legal effect embraced the entire cause of action for which such damages were recovered. In such case the defendant may show that the injury complained of was occasioned in whole or in part by the acts or conduct of the plaintiff, or any other matter which as between it and the plaintiff would exonerate it from liability. Hoppaugh et al. v. McGrath, 53 N. J. Law, 81, 21 A. 106. The defendant contended that the cracking of the floors was due to the cracking of the concrete foundations beneath them and for these foundations the plaintiff was responsible. It was admitted on the trial that three witnesses for the defendant, if called, would so testify. The plaintiff wrote defendant on June 28, 1923, that "these floors had developed cracks due to the concrete slab under them cracking." This letter was an admission by the plaintiff of defendant's contention. This proof the plaintiff met only by the offer in evidence of the Maine judgment and this was incompetent.

Whether considered on technical grounds or on the merits, the judgment must be affirmed.