## INDEPENDENCE INDEMNITY CO. v. CENTRAL FARMERS' TRUST CO.
### (two cases).
### Nos. 4574, 4575.

Circuit Court of Appeals, Third Circuit.
Aug. 21, 1931.

J. W. McWilliams, C. B. Wagoner, and C. S. Wesley, all of Philadelphia, Pa. (Tustin & Wesley, of Philadelphia, Pa., of counsel), for appellant.

W. W. Montgomery, Jr., and C. Russell Phillips, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

These are two cases between the same parties, involving the same question of law with slightly different facts.

### Case No. 4574.

This is an appeal from a judgment entered for want of a sufficient affidavit of defense.

The N. E. Second Avenue Company of Miami, Fla., issued its bonds secured by a first mortgage on certain lands which it owned, to the Biscayne Trust Company, as trustee for the bondholders. The defendant Independence Indemnity Company guaranteed the payment, principal and interest, of the bonds. The guaranty, among other things, provided that:

"First. The payment to said Trustee of the Interest of the said 'Bond' at the rate therein specified and within sixty (60) days after the same shall have become due and shall have been demanded by the Trustee with interest thereon at the rate specified in said 'Bond.'

"Second. The payment to said Trustee of the principal of the 'Bond' within twelve (12) months after the same shall have become due and shall have been demanded by the Trustee, with regular payment in the meantime of interest thereon at the rate specified in the 'Bond', subject, however, to the following conditions."

One of the conditions was that: "D. No suit, action or proceeding shall be instituted or maintained against the 'Guarantor' under this instrument unless brought within eighteen (18) months after default in the payment of the principal or interest on the bond, whether such maturity resulted by the bond becoming due on its face or whether it resulted by reason of one of the acceleration clauses in the deed of trust provided."

The Biscayne Trust Company failed, and the plaintiff, Central Farmers' Trust Company, was substituted as trustee.

910

The mortgage or deed of trust provided that if default be made by the mortgagor in the payment of the principal of the bonds or of the interest coupons thereon, and if that default should continue for thirty days, the principal amount of all outstanding bonds, whether or not due and payable on their face, at the option of the trustee, became due and payable forthwith, and the trustee, if requested by the holders of 25 per cent. or more of the amount of the bonds then outstanding, should declare the principal amount due and cause suit to be brought for the sale of the mortgaged premises.

Interest on the bonds was payable on June 15th and December 15th. On December 15, 1928, interest in the amount of $8,043.75 on bonds totaling $247,500 became due and payable, but was not paid or tendered within thirty days; and so on January 23, 1929, after having been requested by the required number of bondholders, plaintiff notified defendant that it declared the principal of the bonds then outstanding, amounting to $233,750, due and owing because of the failure to pay the interest within thirty days after it became due.

On February 2, 1929, defendant tendered to the plaintiff the interest which by agreement of the parties was accepted without prejudice to the rights, as they then stood, of either party.

This suit was brought to recover the principal amount of $233,750 which the plaintiff claims was then due on the bonds outstanding.

The defendant contends that under paragraph "First" of the guaranty, it had sixty days after the interest became due and was demanded by the trustee before it could be called upon to pay, and if the interest was paid within that time the trustee could not accelerate the due date of the bonds.

But this paragraph does not so provide. In fact, neither this nor the following paragraph determines the date when either interest or principal of the bonds became due. The payment of interest is guaranteed in the "First" paragraph and principal in the "Second" paragraph within specified times "after the same shall have become due." The dates when they became due are stated in the bonds. If interest was not paid within thirty days after it became due, then the mortgage gave the trustee the right to accelerate the due date of the principal of all the bonds.

The time when the bonds "become due" is the issue in this case. If the trustee had the right to accelerate the due date of the bonds as against the guarantor because the interest had remained unpaid for more than thirty days, then there is no defense to this action and the judgment should be affirmed, for all the formal prerequisites, imposed by the mortgage, bonds, and guaranty, to the institution of the suit were complied with.

Was the guarantor bound by the provision in the mortgage for accelerating the date on which the bonds became due on default in the payment of interest? The general rule of law, based upon sound reason and authority, is that in express agreements in writing, a reference by the contracting parties to an extraneous writing for a particular purpose makes it a part of their agreement only for the purpose specified. Martin v. Oberle, 85 Misc. Rep. 35, 147 N. Y. S. 60; Miller v. Hamilton (C.C.A.) 216 F. 131; Guerini Stone Co. v. Carlin Construction Company, 240 U. S. 264, 36 S. Ct. 300, 60 L. Ed. 636. But the reference in the guaranty to the deed of trust was not for a particular purpose, as in the case of Cummings Construction Company v. Marbleloid Co. (C. C. A.) 51 F.(2d) 906. The intention was to incorporate in the guaranty the provisions of the mortgage or deed of trust. In the fourth and final paragraph of the guaranty the defendant said: "The undersigned 'Guarantor' is familiar with all the terms and conditions in a certain deed of trust referred to in this 'Bond' and is hereby bound thereby." The guaranty, including the fourth paragraph, was written on the back of every bond. The defendant thus expressly bound itself by all the terms of the deed of trust. One of these terms was, as above stated, that if default was made in the payment of any of the bonds or interest coupons attached thereto and this continued for thirty days, then the principal amount of all outstanding bonds became due and payable. The guarantor was, therefore, bound by this term of the deed of trust and the trustee was within its legal rights when it declared all the outstanding bonds due and payable. The guarantor had sixty days, however, within which to pay the interest, and twelve months within which to pay the principal after they had become due and payment had been demanded. It did not pay within these times. The affidavit of defense does not show any legal justification for not doing so, and the judgment of the district court so holding is affirmed.

**Case No. 4575.**

This case involves the same question of law as No. 4574 with slight, but immaterial, difference in facts. It is, therefore, affirmed on the authority of No. 4574.

Affirmed.